213 A.2d 859 (1965)
Gloria S. DUMEL, Plaintiff,
v.
John J. DUMEL, Defendant.
Court of Chancery of Delaware, New Castle.
October 14, 1965.
Henry N. Herndon, of Morris, James, Hitchens & Williams, Wilmington, for plaintiff.
Anthony F. Emory, Wilmington, for defendant.
*860 SEITZ, Chancellor.
Plaintiff (wife) has moved for summary judgment in an action for specific performance of the provision for her support in the separation agreement executed by the parties before their divorce. Defendant's first defense is that the support provision (being Paragraph 12 of the Agreement) is ambiguous and requires interpretation. He says that this calls for testimony which means that plaintiff's motion must be denied. Plaintiff says the language is so clear that its plain meaning could not be altered by testimony.
Paragraph 12 provides:
"Husband agrees to pay TWO HUNDRED SIXTY DOLLARS ($260.00) per month for the support and maintenance of Wife. Such payments shall be made for a period of twenty-four (24) months from the date of this Agreement; provided, however, that should Wife become gainfully employed during the aforesaid twenty-four (24) month period, the said sum of TWO HUNDRED SIXTY DOLLARS ($260.00) shall be reduced (up to the full amount thereof) by the amount of Wife's take home pay in any month during the aforesaid twenty-four (24) period."
Defendant says there is an interpretation problem as to whether plaintiff obligated herself to seek employment in good faith in the 24 month period. However, I am satisfied that there is no such ambiguity in the language of the agreement as would warrant the alteration of the clear meaning of the language of Paragraph 12. The language concerning the diminution of the payments is operative "should Wife become gainfully employed". There is no requirement in the agreement that the Wife was to seek employment. To imply or find such a term based upon testimony would be contrary to Paragraph 17 of the Agreement, which states that the Agreement contains the entire understanding of the parties.
I therefore conclude that no interpretation problem has been raised which would warrant the denial of plaintiff's motion.
Defendant next suggests that the Agreement should be reformed because of some unidentified fraud. However, the pleadings raise no such issue and I therefore do not consider it.
Finally, defendant says the Agreement was based on his earnings at the date the Agreement was executed. He says that since that time he has had a substantial reduction in salary. Although his pleadings do not say so, I infer that defendant seeks some relief from the payment provisions of the Agreement because he allegedly cannot financially meet his commitments.
In an action for specific performance of a separation agreement, a defense based on an unfavorable change in defendant's economic circumstances cannot be recognized for the purpose of enforcing the Agreement in some altered form unless so provided by the Agreement. Compare Heinsohn v. Chandler, 23 Del.Ch. 114, 2 A.2d 120. This is but an instance of the law's enforcement of obligations freely made. The case law supports this approach. Thus, although the New Jersey law in this field generally was in a chaotic state prior to Schlemm v. Schlemm, 31 N.J. 557, 158 A.2d 508, I think it clear that insofar as hardship of the alleged present type is involved, it is not a defense to the entry of the specific performance order. Compare Moller v. Moller, 121 N.J.Eq. 175, 188 A. 505; 1 Herr, Marriage, Divorce and Separation, § 487. The court is not now called upon to decide whether defendant's inability to pay the required amount would be a defense were he cited for contempt of court for failure to comply with the order specifically enforcing the payment provisions of Paragraph 12. Nor is the court concerned with other "defenses" to an action for specific performance of a separation agreement. E. g., see Heinsohn v. Chandler, above.
*861 Plaintiff's motion for summary judgment will be granted in the form of a judgment for any past due indebtedness and an order to pay the same. It will also direct defendant to comply with the provisions of Paragraph 12 in the future. By the latter provision the court will truly be granting specific performance of the pertinent provision of the Agreement.
Present order on notice.