**HARRY M. P., Petitioner, Appellant,**

v.

**NINA M. P., Respondent, Appellee.**

Supreme Court of Delaware.

Submitted Oct. 19, 1981.

Decided Nov. 2, 1981.

John R. Williams (argued), Myron T. Steele and Gary F. Dalton, of Prickett, Jones, Elliott, Kristol & Schnee, Dover, for petitioner, appellant.

Douglas B. Catts (argued), of Schmittinger & Rodriguez, P.A., Dover, for respondent, appellee.

Before HERRMANN, C. J., DUFFY and QUILLEN, JJ.

PER CURIAM:

The parties to this appeal were married in 1955 and entered into a separation agreement in 1977. Under the agreement the husband is obliged to pay alimony to the wife at the rate of $600. a month. The payments terminate if she remarries.

The husband filed a petition in the Family Court seeking a reduction in the amount of alimony on the ground that the wife's financial circumstances had improved. Noting that the husband had been represented by counsel when the agreement was signed, that the agreement does not provide for modification in the amount of alimony and that a change in financial circumstanc-

es does not change a contract, the Trial Judge denied the application to reduce the amount fixed by the contract. The husband then docketed this appeal.

■ We affirm. It is settled Delaware law that an agreement freely made is enforced by our Courts. And that applies to a separation agreement. To be specific, a change in the financial circumstance of either party does not give the Trial Court the power to rewrite the contract.* As we said in *C. v. A.*, Del.Supr., 379 A.2d 1119 (1977):

"It is settled Delaware law that, in the absence of a provision in a separation agreement to the contrary, an unfavorable change in financial circumstances is not a valid defense to specific performance of the agreement, *Wife, B.T.L. v. Husband, H.A.L.*, Del.Ch., 287 A.2d 413 (1972); *aff'd*, Del.Supr., 336 A.2d 216 (1975); *J.W.P., Wife v. R.E.P., Husband*, Del.Ch., 301 A.2d 318 (1973); *Dumel v. Dumel*, 42 Del.Ch. 465, 213 A.2d 859 (1965)."

In *C. v. A.*, the husband sought to defend an action for specific performance by the wife on the ground that there had been "unforeseen changes in his financial condition." Here, the husband seeks to affirmatively use an alleged change in the wife's circumstances to relieve him of his contractual duty. But the result is the same. Indeed, it follows *a fortiori* from *C. v. A.*

\*    \*    \*    \*    \*    \*

The husband's argument is largely based upon an unreported opinion of the Family Court in *Marabella v. Marabella* (1980). This Court has recently affirmed that ruling by an order, No. 308, 1980 (Oct. 5, 1981), which was entered under Supreme Court Rule 17(a). That Rule prohibits citation of the order as precedent in this Court or in any other Delaware Court.

We usually do not comment on an order terminating an appeal in a different case but, because *Marabella* has been argued

here, we do so to emphasize not only the limitation imposed by Rule 17(a) but also the basis for the affirmance; the order states:

"Specifically in view of the context that the husband was unrepresented and signed the separation agreement on his initial visit to his wife's attorney's office, there is sufficient evidence to support the conclusion below that the one-sided agreement is 'manifestly unfair' to the husband and 'was unfair to him when it was executed'."

On that basis, the Court ruled that the Family Court did not err in refusing to grant specific performance.

■ This Court did not approve any language in *Marabella* suggesting that the legal test for determining the validity, enforceability or rescission of a contract between spouses is governed by principles different from those generally applied to contracts.

\*    \*    \*    \*    \*    \*

Affirmed.

---

* Here, the husband seeks, not rescission of the contract but modification of one of its terms long after it was made, after the parties had been divorced and, apparently, after the contract had been performed by both parties. His argument, in so many words, is that he would have been much better off if he had not signed the agreement. But he did, and he is bound by it.