JOSEPH B.P., Respondent Below, Appellant,

v.

KATHLEEN M.P., Petitioner Below, Appellee.

Supreme Court of Delaware.

Submitted: Nov. 7, 1983.
Decided: Nov. 21, 1983.

James A. Rambo, Wilmington, for respondent below, appellant.

L. Vincent Ramunno, Ramunno & Ramunno, Wilmington, for petitioner below, appellee.

Before HERRMANN, C.J., HORSEY and MOORE, JJ.

PER CURIAM.

The husband appeals an order of the Family Court, entered by Judge Karl J. Parrish, dividing certain marital property contrary to a prior agreement between the parties. Moreover, the trial judge permitted a third party to intervene and assert claims to the proceeds of sale of this marital property. That issue is one of first impression here. Because the actions of the trial judge were so violative of the rights of the parties, we reverse and remand with instructions that the property division agreement between the husband and wife be given effect. By virtue of this reversal there is no basis for sustaining a grant of counsel fees to the wife. That award, too, is vacated.

Various difficulties arose between the parties which resulted in the wife departing the marital home. Several months later she sued in Family Court to remove the husband from the house. However, before trial the parties amicably resolved their differences and reached an agreement which provided in pertinent part:

"... Upon determining a reasonable value of said property (the wife) shall have the first option to buy-out (the husband) and that (the husband) shall have the second option to buy-out (the wife) and in the event that neither party wishes to buy-out the other party, the said premises shall be listed for sale and sold, and net proceeds of said sale to be divided equally between the parties"

This agreement was embodied in a consent order approved by the Honorable James J. Horgan, a judge of the Family Court. Evidently, the parties could not agree on the exercise of their respective options, and several months after the consent order was entered the husband filed a motion in the Family Court to enforce the accord by compelling a sale of this property. Although the parties were in agreement that the appraised value of the house was $57,000, no hearing was scheduled on the husband's motion.

Thereafter, Judge Parrish was assigned to this matter. While the trial judge acknowledged the existence of this agreement and its terms, his attitude toward it was demonstrated by the following remarks directed to the husband's counsel:

"The Court: I'm afraid *its whatever I think the agreement says that counts* and I have read the agreement and ... it's

my opinion that the agreement says 'going to have it appraised, establish price, she's going to have the first right to buy him out then he will have the right to buy her out' and ... the property would then go to sale and proceeds equally (sic)." (TR 194; emphasis added).

For reasons that are inexplicable, he openly disregarded the agreement and prior consent order, and proceeded to distribute the property in a manner which he deemed more appropriate. This is contrary to well-established law. In our recent decision of *Gertrude L.Q. v. Stephen P.Q.,* Del.Supr., 466 A.2d 1213 (1983) we stated at page 1217:

"Similarly, the Family Court properly concluded that the stipulation was an agreement made in a divorce action between the husband and wife in respect of alimony and property distribution.... For these reasons, we deem the stipulation to be a contract between the husband and wife concerning alimony.

Delaware follows the well-established principle that in construing a contract a court can not in effect rewrite it or supply omitted provisions ... In the family law context, Delaware courts have refused to rewrite marital agreements. *Harry M.P. v. Nina M.P.,* Del.Supr., 437 A.2d 158 (1981) ... In construing a contract, a court will interpret the contract as a whole and give words in the contract their plain, ordinary meaning."

■ The action of Judge Parrish here is more than an abuse of discretion, because the agreement eliminated all discretion on his part. By inclusion in a court order the agreement also became the law of the case, which it was Judge Parrish's duty to follow rather than overturn. *Frank G.W. v. Carol M.W.,* Del.Supr., 457 A.2d 715, 719 (1983). It is a judge's responsibility to uphold the law, not to disregard or violate it. This is made clear by Canon 2 A of the Delaware Code of Judicial Conduct:

"A judge should respect and comply with the law and should conduct himself at all times in a manner that promotes public confidence in the integrity and impartiality of the judiciary".

The action of Judge Parrish is such a marked departure from that standard that we have no recourse but to expressly denounce it.

■ The matter was further complicated by Judge Parrish when he permitted a third party to intervene and contest issues which the property agreement had already settled. As yet, we have not spoken definitively on this subject, but it is clear from the nature of the limited jurisdiction of the Family Court in divorce proceedings that it may adjudicate only rights and claims arising between a husband and wife. See 13 *Del.C.* § 1513(a). Alleged claims of third party creditors have no place in the Family Court, and the intervention of such creditors is wholly improper. The Family Court is a tribunal of limited statutory jurisdiction. It has no power to hear or determine claims of third parties against a husband and wife or their property. As we have previously noted, the only exception, which is not applicable here, may be in a case where a third party's due process rights would be infringed by an order of the Family Court. See *Husband T.N.S. v. Wife A.M.S.,* Del. Supr., 407 A.2d 1045 (1979).

Based upon the foregoing, the decision of the Family Court, directing a division of the property of the parties contrary to their agreement, is reversed. The matter is remanded to the Family Court with instructions that the agreement between the parties be enforced in accordance with its terms. It follows that the award of counsel fees to the wife, based on the underlying erroneous judgment of the Family Court, cannot stand and must also be reversed. Upon remand the matter will be re-assigned to a trial judge other than Judge Parrish.

REVERSED AND REMANDED with instructions.