Reginald ROCKWELL, Respondent
Below, Appellant,

v.

Patricia A. ROCKWELL, Petitioner
Below, Appellee.

No. 41, 1995.

Supreme Court of Delaware.

Submitted: June 4, 1996.
Decided: July 31, 1996.

Robert Burton Coonin of Berkowitz, Schagrin, Coonin, Cooper & Dougherty, P.A., Wilmington, for Appellant.

Matthew P. Denn of Young, Conaway, Stargatt & Taylor, Wilmington, for Appellee.

Before VEASEY, C.J., WALSH, HOLLAND, HARTNETT, and BERGER, JJ. (constituting the Court en Banc).

HOLLAND, Justice:

In this appeal, the respondent-appellant, Reginald Rockwell (the "Husband") challenges the Family Court's modification of the alimony provisions of a separation agreement which was incorporated into a final divorce decree. The Family Court applied the statutory standard of review. It held that the

1. Section 1519(a) of Title 13 provides, in relevant part:
   A decree or separate order entered under § 1518 of this title may be modified or terminated only as follows:

petitioner-appellee, Patricia Rockwell (the "Wife") had demonstrated a "real and substantial change of circumstances." *See* 13 *Del.C.* § 1519(a)(4).[1]

The Husband contends that the Family Court erred by using the statutory standard for modification. According to the Husband, since the original alimony award was an agreement between the parties, it could be modified only in accordance with contract principles. This Court has concluded that the Husband's position is correct. .

The Family Court has the authority to modify court orders regarding alimony awards. When alimony has been judicially determined, any modification is governed by the statutory standard of "real and substantial change." *See* 13 *Del.C.* § 1519(a)(4). However, when alimony has been determined by an agreement of the parties that is made an order of the court, any modification is controlled by contract principles. This matter must be remanded to the Family Court for further proceedings in accordance with this opinion.

### Facts

The Wife and the Husband were married on June 9, 1951. On March 24, 1976, they entered into a separation agreement ("Separation Agreement"), which provided, *inter alia,* that the Husband would pay the Wife $130 per week in alimony, subject to certain conditions. In addition, Paragraph 9 of the Separation Agreement provided:

> It is further agreed between the parties hereto that the wife waives any and all right to other support, alimony or other benefits of this nature accruing to her as a result of her relationship to the husband.

Under Paragraph 17, the parties agreed that the terms of the Separation Agreement could not be modified or waived unless in writing and signed by both of them.

   (4) Alimony or any other relief awarded, only upon a showing of real and substantial change of circumstances.
   13 *Del.C.* § 1519(a)(4).

On April 2, 1976, the Superior Court dissolved the parties' marriage by entering a final divorce decree.[2] In the final decree, the Superior Court incorporated the parties' Separation Agreement by using the following language:

> AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Separation Agreement entered into between the parties hereto, dated the 24th day of March, 1976, be, and is hereby incorporated into this Final Decree of Divorce by agreement and stipulation of the parties before the Court and through their attorneys on this date.

For the next seventeen years, the parties' relationship continued according to the terms of the Separation Agreement.[3] Under the provisions of the Separation Agreement, the Wife received title to the parties' Newark home, where she currently resides. The Husband subsequently remarried and moved to Virginia.

### Wife's Petition
### Family Court's Modification

In 1993, the Wife filed a petition for modification of alimony. She alleged that there had been a substantial change in circumstances to justify an increase in alimony.[4] On February 8, 1994, at a hearing on the Wife's alimony modification petition, the Family Court granted the Husband's motion to dismiss in a bench ruling. The Wife was not represented by counsel at the hearing.

The Family Court subsequently vacated its bench ruling and appointed counsel to represent the Wife.

The parties briefed the issue of whether the Family Court had discretion to modify an alimony award which was based on an agreement of the parties and had been incorporated into a court order. The Family Court concluded that the Separation Agreement had "merged" with the final divorce decree and had become an order of the court, ceasing to be an independent contract. Therefore, the Family Court held that it had the discretion to modify the alimony award, and denied the Husband's motion to dismiss. *See* 13 *Del.C.* § 1519.

The Family Court subsequently determined that the Wife had shown a substantial change in circumstances. It ordered an increase in the Husband's alimony obligation from $130 per week to $240 per week.[5] The Husband filed this appeal.

### Alimony Determinations
### Family Court Jurisdiction

In Delaware, the Family Court now has exclusive jurisdiction over divorce actions involving a Delaware resident. *See* 13 *Del.C.* § 1504. This jurisdiction includes ancillary matters, such as alimony. *See* 13 *Del.C.* § 1512. Alimony determinations are generally made in one of two ways incident to a divorce. First, alimony may be judicially determined, following a hearing on the respective financial circumstances of the par-

2. At the time of the parties' divorce, the Superior Court had jurisdiction over divorce proceedings. Subject matter jurisdiction over actions for divorce involving a Delaware resident is now vested in the Family Court. *See* 13 *Del.C.* § 1504(a).

3. The parties mutually agreed to one modification of the Separation Agreement prior to the present dispute. In 1986, the Wife fell behind in payments to the bank on the mortgage and a home equity loan on the Newark property. In order to prevent foreclosure by the bank, the Husband agreed to purchase the Wife's obligations, and have the Wife make payments to him on the debt. On November 18, 1986, the parties entered into a written agreement which modified the Separation Agreement ("1986 Agreement"). The 1986 Agreement recited the

facts concerning the Husband's alimony obligation and the Wife's bank obligations, and provided that the Wife would receive a monthly credit on her debt to the Husband, which would be deducted from the Husband's monthly alimony obligation to the Wife.

4. The record reflects that Wife's petition was initially filed in Superior Court. However, in an order dated October 15, 1994, the Superior Court transferred the matter to the Family Court, which by then had exclusive jurisdiction over alimony issues. *See* 13 *Del.C.* §§ 1512, 1519.

5. In its order, the Family Court noted that the increased alimony obligation was subject to Husband's right of setoff with respect to Wife's mortgage and loan debt to Husband.

ties.[6] *See, e.g., Gregory J.M. v. Carolyn A.M.*, Del.Supr., 442 A.2d 1373 (1982); *Rosario J.L. v. Josephine K.L.*, Del.Supr., 431 A.2d 1256 (1981). Second, alimony may be agreed upon by the divorcing parties themselves, in either a separation agreement or similar contract. *See, e.g., Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213 (1983); *Joseph B.P. v. Kathleen M.P.*, Del. Supr., 469 A.2d 800 (1983); *Harry M.P. v. Nina M.P.*, Del.Supr., 437 A.2d 158 (1981). Such an agreement or contract is often made an order of the Family Court in connection with the divorce proceedings. *See, e.g., Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1215–16.

### Modification of Alimony
### Judicially Determined Award
### Real and Substantial Change

■ Section 1519(a) specifies the sole grounds for modifying or terminating a judicially determined divorce or annulment decree and related ancillary orders. *See* 13 *Del.C.* § 1519(a)(4); *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1216. If the Family Court makes a judicial determination and enters a decree or separate order for alimony pursuant to Section 1518, the conditions for modification are set forth in Section 1519(a)(4). The latter section gives the Family Court continuing jurisdiction to modify or terminate a judicial decree concerning alimony, upon "a showing of real and substantial change in circumstances."[7] *See* 13 *Del.C.* § 1519(a)(4).[8] The burden of proof is on the party seeking to modify or terminate the decree or order. *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1217; *Rosario J.L. v. Josephine K.L.*, 431 A.2d at 1257.

### Modification of Alimony
### Award By Agreement of Parties
### Contract Standards Applicable

■ One of the articulated purposes of the Delaware Divorce and Annulment Act (the "Act") is to promote the settlement of divorce disputes. *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1217. Subsection 1519(b) contemplates settlements in the form of written alimony agreements between parties to a divorce without a judicial determination. *Id.* This Court has noted that Section 1519(b) does not, however, incorporate other requirements of the Act into such agreements (e.g., the standard of Section 1519(a)(4) for modification or termination). *Id.* In fact, this Court has held that a stipulated alimony agreement of the parties, pursuant to Section 1519(b), is not a court order within the meaning of Sections 1518 and 1519(a)(4). *Id.*

■ Consequently, the statutory "real and substantial change" standard in Section 1519(a)(4) for termination or modification of a court order is inapplicable to a Section 1519(b) agreement between the parties which becomes part of a Family Court order. *Id.* The purpose of making the parties' agreement with regard to alimony an order of the Family Court is to confer jurisdiction upon the Family Court to construe the agreement in the event of a future dispute. *Sanders v. Sanders*, Del.Supr., 570 A.2d 1189, 1191 (1990). *See also Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1217. Nevertheless, the voluntary settlement agreement between a husband and wife concerning alimony is and remains a contract. *Sanders v. Sanders*, 570 A.2d at 1191.

This Court has held generally, and with regard to alimony agreements specifically,

---

**6.** The standards for opening a default judgment are well-established and are not an issue in this appeal.

**7.** Although the Family Court has the authority to modify judicial awards of alimony upon a showing of changed circumstances, it lacks that authority with respect to property division incident to a divorce. *See Campbell v. Campbell*, Del. Supr., 522 A.2d 1253 (1987) (interpreting 13 *Del.C.* § 1519(a)(3) to require a greater showing than merely "changed circumstances" before a property award may be modified).

**8.** The version of 13 *Del.C.* § 1519 which was in effect at the time of the parties' divorce has since been amended. *Compare* 59 Del.Laws ch. 350, § 1 (version in effect in 1976), *with* 61 Del.Laws ch. 365, § 22 (version presently in effect). *See also* 60 Del.Laws ch. 297, § 11 (minor amendment to § 1519(c)). However, the changes in the wording of Section 1519(a) did not operate to change the standard for granting a modification of alimony: under both versions, a petitioner has to establish a "real and substantial change in circumstances" in order to receive a termination or modification.

that "Delaware follows the well-established principle that in construing a contract a court cannot in effect rewrite it or supply omitted provisions." *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1217 (*citing Conner v. Phoenix Steel Corp.*, Del.Supr., 249 A.2d 866 (1969)); *In re International Re–Insurance Corp.*, Del.Ch., 86 A.2d 647 (1952). In the family law context, Delaware courts consistently have declined to rewrite marital agreements. *Gertrude L.Q. v. Stephen P.Q.*, 466 A.2d at 1218; *Harry M.P. v. Nina M.P.*, 437 A.2d at 159; *Wife, B.T.L. v. Husband, H.A.L.*, Del. Ch., 287 A.2d 413, 415 (1972), *aff'd*, Del.Supr., 336 A.2d 216 (1975). In this case, the Family Court relied upon its own precedent which distinguished between an agreement of the parties regarding alimony that is "merely incorporated" into a final divorce decree and one which "merges" into the final decree. *Murphy v. Murphy*, Del.Fam., 467 A.2d 129 (1983).

 In *Murphy*, the Family Court concluded that if the agreement is "merely incorporated" into the decree, it retains its contractual character. Therefore, the Family Court does not have the power, unless contractually given to it by the parties, to modify the agreement by applying the statutory standard. *Id.* at 132. However, according to the *Murphy* holding, if the agreement is "merged" into the decree, the rights, privileges and obligations of the parties under the agreement are displaced by the judgment or decree. The Family Court then has full judicial power to modify the agreement according to statutory standards. *Id.*

This Court has concluded that there is no substantive difference between an alimony agreement which becomes a Family Court order by means of stipulation, incorporation, or merger. *See Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213 (1983). Consequently, with regard to alimony awards, the stipulation, merger, or incorporation of the parties' voluntary agreement into a court order does not divest that agreement of its contractual nature. 13 *Del.C.* § 1519(b). To the extent that the holding in *Murphy* suggests otherwise, it is disapproved. Accordingly, unlike a prior judicial determination of alimony, the Family Court cannot modify an agreement between the parties regarding alimony, pursuant to the "real and substantial change" statutory standard enunciated in 13 *Del.C.* § 1519(a)(4).

### Conclusion

We hold that when the Family Court is asked to modify or terminate an alimony award that is set forth in a court order, pursuant to an agreement of the parties, the proper standards are the same that are generally applicable to the modification, reformation, or rescission of contracts. *See Gertrude L.Q. v. Stephen P.Q.*, Del.Supr., 466 A.2d 1213, 1217 (1983); *Joseph B.P. v. Kathleen M.P.*, Del.Supr., 469 A.2d 800, 802 (1983); *See Harry M.P. v. Nina M.P.*, Del.Supr., 437 A.2d 158, 159 (1981). *Compare Sanders v. Sanders*, Del.Supr., 570 A.2d 1189, 1190 (1990) (agreement never part of Family Court decree). In this case, the Separation Agreement between the Husband and Wife retained its contractual nature, notwithstanding its incorporation into the final divorce decree. The Family Court's judgment ordering an increase in the Husband's alimony obligation based upon the statutory "real and substantial change" standard is reversed. This matter is remanded for further proceedings in accordance with this opinion.