Phillip SKALNIAK, Petitioner,

v.

Christine DEY, Respondent.

No. CN91–11123.

Family Court of Delaware,
New Castle County.

Submitted: Jan. 24, 2001.
Decided: Oct. 18, 2001.

John X. Denney, Jr., Esquire, Tomar, O'Brier, Kaplan, Jacoby & Graziano, Wilmington, for Petitioner.

Susan C. Over, Esquire, Heiman, Aber, Goldlust & Baker, Wilmington, for Respondent.

## *RULE TO SHOW CAUSE ORDER*

WASERSTEIN, J.

Before the Court is a Motion to Dismiss Petitioner's Petition–Rule to Show Cause (Petition). This petition was filed by John X. Denney, Esquire, on behalf of Petitioner. Phillip Skalniak (hereinafter Husband) on January 24, 2001.

Also, pending before the Court is a Motion to Dismiss filed by Susan Over. Esquire, on behalf of the Respondent, Christine Dey, (hereinafter Wife) arguing that a property division agreement is not a Court order, but a contract, and, therefore, subject to contract law which is subject to the statute of limitations period of three years. Wife argues that the petition has been filed too late because it is a contract. Alternatively, Wife argues that, if this is to be considered an order of the Court, the equitable defense of laches applies because Wife has been prejudiced by Husband's undue delay as she no longer has records. The Court construes the agreement as a contract and decides the controversy through the application of the doctrine of promissory estoppel.

## BACKGROUND

A hearing was held on July 5, 2001. Present in the courtroom were Susan Over, Esquire, representing Wife; Wife by telephone; John X. Denney, Esquire, representing Husband, and Husband by telephone.

The next and final hearing was held on September 10, 2001. Present in the courtroom were Susan Over, Esquire, representing Wife; John X. Denney, Esquire, representing Husband, and Husband. A copy of the notice for the last hearing was sent to Wife, however, she could not be reached despite attempts to contact her by telephone. Despite a letter from the Court dated September 14, 2001 to Ms. Over, indicating that the Court had received no explanation regarding Wife's absence at this hearing, no response to the Court's letter was received. Husband appeared at the hearing in person even though he resides in Japan.

This disposition addresses both the Motion to Dismiss and the merits of the case. Husband petitioned the Court for $9,798.03 arrears in property division settlement payments still due from Wife under the Stipulation and Property Division Order.

For the reasons noted below, the Motion to Dismiss is denied because Husband has proven by clear and convincing evidence the elements of promissory estoppel. As a result, the three-year statute of limitations began to run on June 8, 1999. Thus, the Petition filed on January 24, 2001 was timely.

## FACTS

The parties were divorced December 31, 1991, and their 16c Joint Asset Report was completed by January 21, 1992. The Stipulation and Property Order was signed by a previous Judge on June 9, 1992. Payments were made from November 1, 1993 through May 15, 1995, at which time Wife stopped payments.

Because there was a support order in effect, wife had obligations to simultaneously make both child support and property division payments to Husband. Husband, to his detriment, applied any insufficient payments to the child support arrears, which is not subject to a statute of limitations, rather than to the property division debt.

Husband testified that Wife made several oral promises throughout the years that she would pay the property division arrears. He testified, for example, that she made an oral promise to him as late as June 8, 1999. On September 10, 2001, he related that, on June 8, 1999, he and Wife discussed their biological teenage daughter's possible desire to live with Wife, as the child was nervous about moving to Japan with Husband and his family. Husband was being relocated there and was scheduled to leave on June 10, 1999 for Washington, D.C. and on June 22, 1999 for Japan. At this time, Wife made an oral promise to Husband in which she acknowledged the property division arrears and said that she would draw up a payment schedule addressing the arrearages both on support and property division. Ultimately, the daughter decided to move to Japan with Husband and she did not go to live with Wife.

Wife also acknowledged the property division debt in an e-mail dated January 12, 2001. In this e-mail, Wife referred to a possible offset for her debt in the car, furniture and personal possessions that she left behind during the divorce. Her acknowledgement was made right before the filing of the petition by Husband and further demonstrates the fact that Wife was aware of the disputed debt. During the September 10, 2001 hearing both attorneys erroneously noted that this e-mail

was sent after the petition was filed, however, it was actually written prior to the petition.

## Legal Analysis

### Incorporation vs. Merger

Husband argues that the Stipulation and Property Division order is an Order of the Court and therefore the statute of limitations does not apply. Husband relies on the fact that the 16c reports had been filed and further argues that, if this property division were considered to be a contract, it would provide no incentive for parties to ever reach an agreement, because they know it would not be enforced by the Court as favorably as a litigated Court Order. This argument is not persuasive. According to the argument, the Court should construe agreements reached after the filing of the 16c reports differently than those reached before such filings, however, people should be encouraged to settle prior to the submission of the 16c reports as much as thereafter.

For this Stipulation and Property Division Order to be an order of the Court there must be a stipulation to such treatment because *Delaware Family Court Civil Procedure Rule 104.2(b)* provides: "[a] decree may incorporate by reference a prenuptial or postnuptial agreement *pursuant to a separate stipulation* executed by the parties or their attorneys following the commencement of the action and approved by the Court." [Emphasis added.] No such stipulation was filed in this case and there is no incorporation by reference in the Stipulation and Property Division Order. Therefore, it cannot be construed strictly as an Order.

In the past, case law has made a distinction between an order and a contract. In *Murphy v. Murphy*[1] for example, the Family Court of Delaware held that: "[i]f the agreement is merely incorporated into the decree it retains, for all intents and purposes, its contractual character, and the decree is limited by the terms of the contract."[2] This was distinguished from a merged agreement. The Court noted: "[b]ut if the agreement is merged into the decree the result is entirely different. In that event the rights, privileges and obligations of the parties under the agreement are displaced by the judgment or decree."[3]

After *Rockwell v. Rockwell,*[4] however, this is no longer a significant distinction. In that case, the Delaware Supreme Court stated: "...there is no substantive difference between an alimony agreement which becomes a Family Court order by means of stipulation, incorporation or merger."[5] Thus, whether the document is incorporated or merged is not dispositive.

Moreover, the Separation Agreement in *Rockwell* and the Stipulation and Property Division Order in this case are distinguishable because the separation agreement in *Rockwell* did not contain the language "IT IS SO ORDERED."[6] It also contained a clause, stating that "the parties have incorporated into this agreement their entire understanding..."[7], thereby reinforcing the fact that in *Rockwell* an agreement of the parties, or a contract, had been formed. In contrast, the Stipulation and Property Division Order in this case uses

---

1. 467 A.2d 129 (1983) (citations omitted).

2. *Id.* at 131.

3. *Id.*

4. 681 A.2d 1017 (1996).

5. *Id.* at 1021.

6. *Rockwell v. Rockwell,* Del.Fam., File # CN93–11081, Tab 6.

7. *Id.*

the language. "IT IS SO ORDERED" and does not have any clause similar to the one in *Rockwell*.[8] Arguably, the document in the instant case is an Order of the Court and enforceable as such. In addition, in the instant case, unlike in *Rockwell*, the 16c reports were completed and a property division hearing was expected. Husband emphasizes that the Court had retained ancillary jurisdiction and any resolution of this dispute must be viewed as a resolution by the Court. Wife, however, argues that because there was no hearing, it was not an order, but instead an agreement, and thus a contract to which the three year statute of limitations applies.

Wife also relies on *Raphael v. Raphael*[9] which uses the touchstone of whether the court has imposed the order after a hearing or whether the parties have resolved it on their own to determine whether to reopen a property division pursuant to Family Court Civil *Rule 60(b)* seven years after the parties signed an agreement instead of having a Court hearing.[10] Despite the fact that the Court did not address the merger or incorporation language distinction, Wife argues that whether a hearing was held is dispositive rather than the merger or incorporation designation. The *Raphael* Court, however, did not address this distinction at all.[11]

In this case, even if the Court views the agreement as a contract, which is the most restrictive view and the one most favorable to Wife because it imposes on Husband the obligation to file within the three year statute of limitations, the doctrine of promissory estoppel resolves the case in Husband's favor. As noted below, the testimony presented by Husband satisfies the standards required for the application of this equitable doctrine.

### Promissory Estoppel

▬ The Court of Chancery has outlined four elements that a plaintiff must prove by clear and convincing evidence in order to demonstrate promissory estoppel.[12] Husband has satisfied each of these elements through credible testimony. Specifically, the elements are:

*1. A promise was made.*[13]—Husband recalls several conversations in which Wife promised to pay the debt she owed from the property division. He specifically discussed one such incident on June 8, 1999. As discussed previously, this was related to the possibility of the parties' daughter living with Wife in the United States, when Husband was transferred to Japan. The daughter never went to live with Wife. Nevertheless, Wife acknowledged her debt at this time and promised to devise a payment plan.

Wife had the opportunity to present evidence to the contrary, but was not present at the hearing scheduled for September 10, 2001. There was also no response to the inquiry thereafter as to the reason for her failure to appear. She had ample opportunity to present evidence but chose not to do so.

*2. The promisor reasonably expected to induce action or forbearance on the*

**8.** *Skalniak v. Skalniak,* Del.Fam., File # CN91–11123, Tab 24.

**9.** Del.Fam., 1990 WL 91601.

**10.** *Id.* at *5.

**11.** Del.Fam., 1990 WL 91601.

**12.** *Collins v. American International Group, Inc.,* Del.Ch., 1998 WL 227889 at *5–6. *See* *Brandner v. Delaware State Housing Authority,* Del.Ch., C.A. No. 1132–K, Chandler, V.C., 1993 WL 548831 (Dec. 9, 1993), slip op. at 7–8; *Metropolitan Convoy Corp. v. Chrysler Corp.,* Del.Supr., 208 A.2d 519 (1965).

**13.** *Id.*

*promisee's part.*[14]—As a result of the promise made Husband by Wife, he did not pursue legal action against her. Husband says that Wife has promised to pay over time. Wife knew at the time that she made the promise that it was a critical issue. This promise to pay induced forbearance on the part of Husband and started the running of the statute of limitations on June 8, 1999, the date on which Wife's promise was made.

*3. The promisee reasonably or justifiably relied on the promise and took action to his detriment in reliance thereon.*[15]— When the payments were insufficient to cover both the property division debt and the child support, Husband continuously applied these payments to child support which is not subject to the statute of limitations. If Husband had chosen to do so, he could have applied the deficient payments to the property division debt and then sued Wife for back child support. He acted to his detriment because of his reliance on her promises to pay her property division arrears. Her oral promise in June of 1999 renewed the statute of limitations time period. Thus, Husband's Petition of January 20, 2001, is not too late. He has filed within the three year statute of limitations.

*4. The promise is binding because injustice can be avoided only by its enforcement.*[16]—In this case, to apply the statute of limitations to Husband's Petition would cause an unjust result. He has worked with Wife with great patience over the last nine years in order to avoid a lawsuit. To deny him relief would be neither fair nor reasonable. Therefore, her promise to him is binding and enforceable.

*Conclusion:*

Absent any opposing evidence from Wife, the promise made by her on June 8, 1999 revived the property division debt and, thus, Husband's Petition is still within the three-year statute of limitations for contracts of this type. Under the doctrine of promissory estoppel, Husband's unrebutted testimony extends the statute of limitations for three years from June 8, 1999 and thus the filing of his Petition is timely.

It is the order of this Court that Wife must pay $9798.03 in property division settlement and arrears to Mr. Phillip Skalniak in payments of $163.30 a month for five years on the 15th of each month beginning November 15, 2001.

This is a final order. Each party shall bear his or her own fees.

**IT IS SO ORDERED.**

14. *Id.*

15. *Id.*

16. *Collins v. American International Group, Inc.,* Del.Ch., 1998 WL 227889 at *5–6.