Kenneth W. MORRISEY,* Petitioner
Below, Appellant,

v.

Lorraine B. MORRISEY, Respondent
Below, Appellee.

No. 221, 2011.

Supreme Court of Delaware.

Submitted: March 14, 2012.
Decided: April 18, 2012.

* Pseudonyms have been assigned to the parties        in this case pursuant to Supr. Ct. R. 7(d).

Felice G. Kerr, Macelree Harvey, Ltd., Centreville, Delaware, for appellant.

Gerald Z. Berkowitz, Berkowitz & Schagrin, P.A., Wilmington, Delaware, for appellee.

Before STEELE, Chief Justice, HOLLAND and BERGER, Justices.

STEELE, Chief Justice:

A father filed a motion to modify a child custody and visitation agreement in the Family Court. The trial judge denied the father's motion, holding that contract principles govern the agreement and bar the trial court from modifying unambiguous contract language. On appeal, the father claims that the trial judge erroneously applied contract principles to a custody and visitation agreement instead of applying the best interests of the child test as required under 13 *Del. C.* § 722. Since the modification requested here should have been reviewed under the best interest of the child test, we reverse and remand.

## I. FACTS AND PROCEDURAL HISTORY

Kenneth Morrisey and Lorraine Morrisey have been divorced and sharing custody of their three children since 2008. The original custody and visitation agreement did not allow for international travel and the father wanted to travel to Scotland and Jamaica with the children. After negotiation, the parties modified the visitation agreement to allow either parent to travel with the children outside the United States, so long as they visited only countries that were signatories to the Hague Convention of 1980 on the Civil Aspects of International Child Abduction. Also, under the modification, the children could not be taken to countries where the United States government had issued travel restrictions or warnings. When the Family Court judge approved the modification, the parties could not agree on whether the father could take the children to Jamaica, which was not a signatory to the treaty and had *previously* been subject to travel warnings. The agreement stated, "the parties shall continue to address the issue of traveling to Jamaica on their own, and will attempt to reach an agreement to allow Father to travel to Jamaica by next summer."[1]

Six months after the modification, the parties still had not reached an agreement on whether the children could travel to

1. App. to Opening Brief at A–9.

Jamaica. At this time, the father petitioned for a second custody modification, requesting that the children be allowed to travel to Jamaica with him. After a hearing, the Family Court judge denied the father's petition and held that contract principles govern court orders which are entered into by stipulation or agreement. The trial judge also held that contract principles do not permit a trial court to modify an agreement unless the contract language is ambiguous. The father filed a Motion for Reargument arguing that the modification request should have been determined by applying the best interest of the child test. The Family Court judge denied the father's Motion for Reargument; this appeal followed.

## II. DISCUSSION

■ In this appeal we are asked to determine whether a motion to modify a custody and visitation agreement, which contemplated change, should be reviewed based on the contractual analysis set forth in *Rockwell v. Rockwell*[2] or by the statutory best interests of the child test. We review a trial judge's denial of a motion to modify a child custody and visitation order for abuse of discretion.[3] However, questions of law, including matters of statutory interpretation, are reviewed *de novo*.[4] Since resolution here requires statutory interpretation, we review *de novo*.

■ As an initial matter, we recognize the importance of encouraging parental agreements on child custody and visitation. Among other benefits, parental agree-

ments provide predictability and consistency. However, contract principles do not bar a court from modifying parental agreements on visitation issues when the contesting party can meet its burden of persuasion and proof. Therefore, we hold that the party requesting the modification of a parental agreement concerning child visitation carries the burden of proving by a preponderance of the evidence that the agreement should be modified because the agreement, as written, is not currently in the best interest of the child. If this burden is met, then a Family Court judge must modify the visitation agreement to satisfy the best interest of the child test as set forth in 13 *Del. C.* § 722.

### A. The Family Court Can Review the Right to Travel with One's Children Because Travel Falls under the Manner of Visitation.

■ The Family Court has the authority under 13 *Del. C.* § 1519 to modify Court Orders regarding child support, custody and visitation, and alimony.[5] Travel during parental visitation time is an issue that concerns visitation and therefore subject to judicial review. When parents have joint custody, the parents must communicate and try to reach an agreement regarding the major decisions concerning their children.[6] If the parents cannot agree on the determination of a major decision, the parties can submit their dispute to a court for resolution.[7] In *Ellis v. Ellis*, a Family Court judge declared that

2.  681 A.2d 1017 (Del.1996).

3.  *Potter v. Branson*, 2005 WL 1403823, at *2 (Del. June 13, 2005).

4.  *Hunter v. Hunter*, 2006 WL 3455213, at *7 (Del. Nov. 30, 2006).

5.  *L.M.H. v. D.S.H.*, 2005 WL 3662348, at *2 (Del.Fam. June 14, 2005).

6.  *Ellis v. Ellis*, C.A. No. 07–03739, at *2 (Del. Fam. Apr. 23, 2008) (Letter Decision & Order).

7.  *Id.*

travel constitutes a major decision.[8] Other Family Court judges have also resolved the issue of whether children in a joint custody arrangement could travel with one parent.[9] We have previously supported trial judges' discretion concerning determinations made regarding the manner of visitation.

For instance, in *Peterson v. Simpler* we upheld a Family Court order which applied the child's best interest test to the manner of visitation and concluded that a child's extracurricular activities should not be interrupted regardless of where the child lives. Therefore, the court ordered that the mother had to take her son to T-ball activities on Saturdays.[10] Mandating that one parent had to do certain things during that parent's time with the child is an example of the court determining a manner of visitation.

Also, in *Prodromidis v. Burman* we held that Family Court judges had the power to modify the parties' child custody order at any time in the best interest of the child.[11] The father wanted to travel with his daughter to Greece, but her mother refused. The father filed a Motion for an Emergency Ex Parte Order and Rule to Show Cause for the mother's refusal. The father left the United States before the scheduled hearing. At the rescheduled hearing the Family Court judge found that the father had not met his burden and dismissed his motion for a Rule to Show Cause. The court also, *sua sponte*, entered a temporary order permitting the father to have liberal visitation with his daughter in Delaware but denying him permission to take his daughter to Greece. We held the Family Court judge did not abuse his discretion by limiting where visitation could occur until a full hearing could be held and completed.

■ A visitation schedule includes not only when visitation occurs but also how it occurs. Therefore, a Family Court judge has discretion to resolve conflicts over travel with one's children because travel is an integral part of parental visitation rights.

**B. Delaware Statutes Require that the Best Interest of the Child Test be used to determine Child Visitation Agreement Modification Requests.**

■ Statutory language identifies that the best interest of the child test controls the review of a visitation modification request. As stated above, the Family Court has the authority under 13 *Del. C.* § 1519 to modify Court Orders regarding visitation.[12] Subsection (a)(2) of § 1519 states that custody or visitation agreements should be modified or terminated "only as provided in Chapter 7 of this title, or otherwise."[13] Sections 722(a), 728(a), 728(c), and 729 of Chapter 7 cover custody and visitation. According to § 728, "the court may modify a parent's custodial authority if it believes that it is in the *best interest of the children*."[14] Also, § 729 states, "[a]n order concerning visitation

---

8. *Id.*

9. *In re the Marriage of N.F.B. and L.E.B.*, 2003 WL 22476194, at *1 (Del.Fam. Sept. 15, 2003) (holding child could not travel with the mother to Paraguay after reviewing the mother's request under the best interest of the child analysis.)

10. 2004 WL 77865, at *1 (Del. Jan. 15, 2004).

11. 2004 WL 300456, at *1–3 (Del. Feb. 9, 2004) (Order).

12. *L.M.H. v. D.S.H.*, 2005 WL 3662348, at *2 (Del.Fam. June 14, 2005).

13. 13 *Del. C.* § 1519(a)(2).

14. 13 *Del. C.* § 728 (*emphasis added*).

may be modified at any time if the *best interest of the child* would be served thereby in accordance with the standards set forth in § 728(a)...." [15] Finally, 13 *Del. C.* § 722(a) states, "[t]he Court shall determine the legal custody and residential arrangements for a child in accordance with *the best interests of the child.*" [16] The statute then lists the eight best interest factors that the court must consider. [17] The statutory language is clear and unambiguous that the best interest test must be applied for decisions involving child custody and visitation. Therefore, the best interest test must be applied during judicial review of a modification request.

When the trial judge conducts the best interest of the child test review, the contract is still relevant and the trial judge should consider it. For instance, the agreement shows the wishes of the parties at the time the agreement was made. Furthermore, the agreement at issue here presents a special situation because the agreement itself contemplated that the circumstances could change. Specifically, permission to travel with the children could change based on Hague Convention signatories and United States travel restrictions. Also, the parties themselves specifically contemplated change regarding

travel to Jamaica. According to the agreement, "the parties shall continue to address the issue of traveling to Jamaica on their own, and will attempt to reach an agreement to allow Father to travel to Jamaica by next summer." [18]

The contract is also relevant under the best interest of the child test analysis because the moving party must show that the existing agreement is currently not in the best interest of the child. If the movant fails to meet this burden then the modification is not appropriate and the agreement should be enforced as written.

### C. *Rockwell* Is Distinguishable and Therefore Inapplicable.

The mother argues that *Rockwell*'s contractual analysis should apply to agreements for child custody and visitation agreements the parties negotiate, draft and sign. However, *Rockwell*'s contractual analysis applies to, and only resolves, modification requests for certain types of alimony agreements. Since the issue here does not involve an alimony agreement, *Rockwell* does not apply. In *Rockwell* the parties entered into a separation agreement which provided that husband would

---

**15.** 13 *Del. C.* § 729(a) (*emphasis added*).

**16.** 13 *Del. C.* § 722(a) (*emphasis added*).

**17.** 13 *Del. C.* § 722(a) states, "The Court shall determine the legal custody and residential arrangements for a child in accordance with the best interests of the child. In determining the best interests of the child, the Court shall consider all relevant factors including: (1) The wishes of the child's parent or parents as to his or her custody and residential arrangements; (2) [t]he wishes of the child as to his or her custodian or custodians and residential arrangements; (3) [t]he interaction and interrelationship of the child with his or her parents, grandparents, siblings, persons cohabiting in the relationship of husband and wife with a parent of the child, any other residents of the household or persons who may significantly affect the child's best interests; (4) [t]he child's adjustment to his or her home, school and community; (5) [t]he mental and physical health of all individuals involved; (6) [p]ast and present compliance by both parents with their rights and responsibilities to their child under § 701 of this title; (7) [e]vidence of domestic violence as provided for in Chapter 7A of this title; and (8) [t]he criminal history of any party or any other resident of the household including whether the criminal history contains pleas of guilty or no contest or a conviction of a criminal offense."

**18.** App. to Opening Brief at A–9.

pay wife alimony.[19] The agreement also stated that the terms of the agreement could not be modified or waived except by a writing signed by both parties. Upon dissolution of the marriage, a Superior Court judge incorporated the parties' separation agreement into the final divorce decree. Seventeen years later, the former wife filed a petition for modification of alimony alleging that there had been a substantial change in circumstances justifying an increase in alimony. A Family Court judge granted the modification after concluding that the Family Court had jurisdiction to modify the agreement and that former wife proved a substantial change in circumstances. On appeal we reversed and remanded, holding that when the parties agreed to the original alimony provision that agreement can only be modified in accordance with contract principles. On the other hand, when alimony has been judicially determined, then the statutory standard of real and substantial change governs. In reaching this determination, we interpreted 13 *Del. C.* § 1519(a)(4) and § 1519(b), which addresses only the modification or termination of alimony.

*Rockwell* is not applicable to custody and visitation agreements. Our holding in *Rockwell* is limited to agreements made by the parties regarding alimony.[20] Because alimony does not directly affect the children, we decline to extend *Rockwell*'s con-

tract principles analysis to parental agreements involving child visitation.

### III. CONCLUSION

For the foregoing reasons, the judgment of the Family Court is reversed and remanded for action consistent with this Opinion.

---

19. 681 A.2d at 1018.

20. *Solis v. Tea,* 468 A.2d 1276, 1280 (Del. 1983) (holding that the Family Court may reform a parent's contractual obligation for child support upon an appropriate showing. We refused to interpreted section 1519(a)(4) to control a separation agreement which required the ex-husband to provide children with a private school education. We stated, "we find clear legislative intent to restrict the scope of § 1519 to the revision of support and alimony payments contained in *judicial* de-

crees, orders or separation agreements merged therewith." We pointed out, "since the focus of this dispute is an educational clause for the children's benefit, the 'best interest of the child' rule governs this case" regardless of the contractual agreement of the parties. Therefore the "agreement will be evaluated according to a 'best interests of the child' criteria with the terms of the contract being enforced only where they appear to be reasonable and fair.") *Solis* was decided prior to, but not overruled by, *Rockwell.*