IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LILY TERRO-EDMON,[1] | § | |
| | § | No. 134, 2019 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CN13-04089 |
| TRAVIS EDMON, | § | Petition No. 18-38235 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: December 20, 2019
Decided: February 20, 2020

Before **SEITZ**, Chief Justice; **VAUGHN**, and **TRAYNOR**, Justices.

## **ORDER**

After consideration of the parties' briefs and the record below, it appears to the Court that:

(1)     The petitioner below-appellant, Lily Terro-Edmon ("the Wife"), filed this appeal from a Family Court order, dated February 25, 2019, denying her motion for modification of alimony.  We find no error or abuse of discretion in the Family Court's decision.  Accordingly, we affirm the Family Court's judgment.

(2)     The Wife and the respondent below-appellee, Travis Edmon ("the Husband"), were married on August 2, 2001, separated on October 31, 2012, and

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

divorced on September 12, 2013. They resolved ancillary matters, including alimony, in a stipulation and order dated January 13, 2014 and entered by the Family Court on January 23, 2014 ("Stipulation and Order"). Both parties were represented by counsel in connection with the Stipulation and Order.

(3)     Under the Stipulation and Order, the Husband agreed to pay the Wife $850 in monthly alimony for five years beginning on January 20, 2014. The Husband's alimony obligation was not subject to any upward or downward modification unless he was ordered to pay the Wife child support, in which case his monthly alimony obligation would be reduced by the amount of his monthly child support obligation. The Stipulation and Order further provided that no modification or waiver was effective unless there was a formal writing signed by both parties and subject to court approval.

(4)     On December 30, 2015, the Wife filed a motion to set aside the divorce judgment. She alleged that the Husband committed perjury and fraud by concealing assets from her. The Family Court denied the motion, finding that the Wife refused to provide notice of her motion to the Husband. The Wife filed a motion for reconsideration, which the Family Court denied on the basis that the notice requirements were not met. The Wife filed additional motions for reconsideration, which the Family Court denied. The Wife did not appeal the Family Court's denial of her motions.

(5) On December 27, 2018, the Wife filed a motion for modification of alimony. She alleged that there had been a real and substantial change in circumstances because her disability income was reduced after her son turned eighteen. She also alleged that the Husband and his counsel had violated their discovery obligations and concealed assets from her. According to the motion, the Wife signed the Stipulation and Order, despite having knowledge of the Husband's concealment of some assets, because she felt stressed and pressured. The Husband opposed the motion.

(6) After converting the Wife's motion into a petition, the Family Court dismissed the petition. The Family Court found that many of the Wife's claims were previously resolved and therefore barred by the doctrine of *res judicata*. As to the Wife's request for modification of alimony based on a real and substantial change in circumstances under 13 *Del. C.* § 1519(a)(4), the Family Court held that § 1519(a)(4) did not apply in light of the Stipulation and Order. This appeal followed.

(7) This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

3

(8) The Wife's arguments on appeal may be summarized as follows: (i) the Family Court erred in denying her December 2015 motion to set aside the divorce and her subsequent motions for reconsideration; and (ii) she is entitled to relief based on her permanent disability during the marriage and after the divorce and the Husband's concealment of assets.

(9) Having carefully considered the parties' positions and the record below, we conclude that the Family Court did not err in denying the Wife's petition for modification of alimony. First, the Wife's challenges to the Family Court's 2016 orders denying her motions are untimely.[5] The Wife could have appealed those orders, but did not do so.

(10) Second, the Family Court did not err in concluding that the Wife was not entitled to modification of alimony based on a real and substantial change in circumstances under § 1519(a)(4). As the Family Court recognized, this Court held in *Rockwell v. Rockwell*[6] that an alimony agreement like the Stipulation and Order is governed by contract principles, not the "real and substantial change" standard in § 1519(a)(4). The Wife, whose motion for modification of alimony reflects that she was permanently disabled during the marriage and believed the Husband was

---

[5] Supr. Ct. R. 6(a)(i) (requiring appeal from civil order to be filed within thirty days after entry of the order upon the docket).
[6] 681 A.2d 1017 (Del. 1996).

4

concealing certain assets before she signed the Stipulation and Order, did not state a contractual basis to undo the Stipulation and Order.

(11) Finally, the Wife argues that the Family Court should have reopened the Stipulation and Order under Family Court Civil Rule 60(b)(2) (relief from a judgment based on newly discovered evidence) and 60(b)(6) (relief from a judgment for any other justifying relief). The Wife did not raise Rule 60(b) in her motion for modification of alimony in the Family Court. Absent plain error, which we do not find here, we will not consider the Wife's Rule 60(b) arguments for the first time on appeal.[7]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.

BY THE COURT:

*/s/ Collins J. Seitz, Jr.*
Chief Justice

---

[7] Supr. Ct. R. 8. We note that the newly discovered evidence appears to consist of documents the Wife found before 2016.