T.C. Memo. 1996-33


UNITED STATES TAX COURT


REBECCA A. PECK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 2515-94.          Filed January 29, 1996.


Rebecca A. Peck, pro se.

<u>Charles J. Graves</u>, for respondent.


MEMORANDUM OPINION

KÖRNER, <u>Judge</u>:  Respondent determined deficiencies in and additions to petitioner's Federal income taxes for the years and in the amounts as follows:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a) | Sec. 6654(a) |
|-------|------------|--------------|--------------|
| 1990  | $16,153    | $1,777.50    | $401.61      |
| 1991  | 16,620     | 1,747.50     | 340.46       |

All statutory references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.

On brief, respondent has conceded the additions to tax that were determined against petitioner under section 6651 for both 1990 and 1991; respondent has also conceded the addition to tax under section 6654 for the year 1990. Petitioner and respondent have agreed that petitioner's income and deductions for the years 1990 and 1991 shall be determined as shown in the returns (Forms 1040) which were filed by petitioner with the Internal Revenue Service (IRS) for the years in issue, and which are in evidence herein, save for the right of petitioner to claim dependency exemptions with respect to her three minor children in each year. Accordingly, there remains only for the Court to determine: (1) Whether petitioner is entitled to claim dependency exemptions under sections 151 and 152 with regard to her three minor children for 1990 and 1991; and (2) whether petitioner is liable for the addition to tax for the year 1991 under section 6654.

Petitioner Rebecca A. Peck was a resident of Missouri at the time the petition herein was filed. At some time prior to 1984, petitioner and William S. Peck were married. Three children were born of this marriage: two in 1984 (twins) and one in 1982.

Petitioner and William S. Peck were divorced in the courts of Missouri in November 1987. By decree of the State court in

February 1990, custody and control of the above children was granted to William S. Peck.  That decree awarding custody was modified by the Missouri court in 1993, with custody of the children being removed from William S. Peck and being awarded to petitioner.

In her individual income tax returns for the years 1990 and 1991, petitioner claimed exemptions for herself and these three children under the provisions of sections 151 and 152 ($2,000 per child for 1990 and $2,150 per child for 1991).  As noted, respondent has agreed to accept those returns which were tendered to the IRS, and which are in evidence herein, as a correct reflection of petitioner's income and deductions in all respects, except for the right of petitioner to claim said dependency exemptions for her three minor children, which respondent disallowed.

Under section 152(e)(1), in the case of divorced parents with minor children, the parent who is awarded custody of such children generally is deemed to be the one who provides over one-half of each child's support during the year and is therefore the one entitled to claim the exemption in the income tax return.  An exception to the above rule is provided in section 152(e)(2), in that if the parent having custody elects to release his claim to exemption for the children in his custody for the year in question, and supplies a written release to that effect, and if the noncustodial parent receiving the right to claim the

dependency exemption attaches such waiver to the tax return, then the waiver will be honored and the noncustodial parent may claim the dependency exemption for the child.  In the present case, that did not happen for the years 1990 and 1991.  During those years, the children of petitioner were in the custody of Mr. Peck.  There is no evidence that he executed any such waiver of his right to claim exemptions for them in his tax return, and petitioner and Mr. Peck, both of whom testified at trial herein, confirmed that no such waiver was executed.  It is true that in the modification of custody that was granted by the Missouri courts in 1993, wherein custody of the minor children was returned to petitioner, the court decreed that Mr. Peck should execute a waiver of exemption for the children with respect to the year 1992.  However, no provision appears to have been made for the years 1990 and 1991, which are before us here. Accordingly, we must uphold respondent's disallowance of dependency exemptions to petitioner for the years 1990 and 1991: there is no evidence that Mr. Peck signed a waiver agreement releasing his right to the dependency exemption for those years, and there is no evidence that any such agreement was attached to the returns that were filed herein, as required by section 152. Cf. Ferguson v. Commissioner, T.C. Memo. 1994-114.

With respect to the proposed additions to tax, respondent has waived the imposition of the addition under section 6654 for the year 1990, but continues to maintain that petitioner is

liable for such addition for the year 1991. In the returns for 1990 and 1991, which are in evidence herein and which respondent has agreed are correct as to all items of income and deduction other than the disputed dependency exemptions for children mentioned above, practically all of petitioner's reported gross income was subject to withholding in 1991, in the total amount of $9,418. The amount of $205 was also an excessive withholding from petitioner on account of Social Security or Medicare resulting in total tax having been withheld from petitioner for 1991 in the amount of $9,623. Such withholding would be creditable by petitioner against her 1991 tax liability as though paid in four equal installments in 1991, under the provisions of section 6654(g). In the necessary recomputation of liability for the years 1990 and 1991, which will result from our decision and the parties' agreement in this case, it may turn out that withholdings from petitioner will be enough to satisfy her liability for tax for 1991, pursuant to section 6654(g). It may also turn out that such payments will satisfy the requirements of section 6654(d), in that the payments made for the year 1991 will constitute at least 90 percent of the tax for 1991 as finally redetermined by the parties, or will constitute 100 percent of the tax that has been recomputed to be owing for the year 1990. Sec. 6654(d)(1)(B). If such requirements are not met, however, petitioner will owe some addition to tax for the year 1991 under section 6654. The requirements of that section are mandatory,

and no extenuating circumstances are to be considered. <u>Grosshandler v. Commissioner</u>, 75 T.C. 1 (1980).

<u>Decision will be entered</u>

<u>under Rule 155</u>.