T.C. Memo. 2003-134

UNITED STATES TAX COURT

MICHAEL KEVIN & VICKIE P. BOLTINGHOUSE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9063-01.                    Filed May 13, 2003.

Michael K. Boltinghouse and Vickie P. Boltinghouse, pro se.

<u>James R. Rich</u>, for respondent.

MEMORANDUM OPINION

DINAN, <u>Special Trial Judge</u>:  Respondent determined a
deficiency in petitioners' Federal income tax of $805 for the
taxable year 1998.  Unless otherwise indicated, section
references are to the Internal Revenue Code in effect for the
year in issue.

The sole issue for decision is whether petitioners are entitled to a dependency exemption deduction for a daughter of petitioner Michael Kevin Boltinghouse (petitioner). If petitioners are so entitled, respondent concedes that petitioners also are entitled to a child tax credit for her.[1]

Some of the facts have been stipulated and are so found. The stipulations of fact and the attached exhibits are incorporated herein by this reference. Petitioners resided in Durham, North Carolina, on the date the petition was filed in this case.

Petitioner and his former wife, Lisa Rogers, entered into a separation agreement prior to the finalization of their divorce in 1991. The agreement, a three page document, was signed by both parties and was dated April 1, 1990. The agreement provided that Ms. Rogers was to have custody of both of their children, Brandi and Brittany. It further provided:

---

[1]Petitioners submitted an amended return to the Internal Revenue Service after the issuance of the statutory notice of deficiency in this case. In the amended return, in various papers filed with this Court, and at trial, petitioners argue that they have zero Federal tax liability for the year in issue (and that they made an overpayment for that year) based upon frivolous arguments which do little more than recite law which is irrelevant, taken completely out of context, or otherwise misapplied. "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417 (5th Cir. 1984), affg. an Order of this Court.

> We agree that I [petitioner] will claim Brandi and Lisa will claim Brittany as dependents on our separate [sic] tax returns. I agree Lisa can claim all interest on the house on her tax return. Pending when the divorce is final, we agree to file a joint tax return for 1990 and possibly 1991. If a refund is due, Lisa will reeive [sic] 70% and Iwill [sic] receive 30%. If a payment is due we agree to split the cost 50-50.

At the time that the agreement was signed, both petitioner and Ms. Rogers intended that the provision regarding the dependency exemption deductions would apply until the children were either 18 years old or, if the children were enrolled as full-time students, 24 years old. The agreement also provided details concerning such matters as the division of marital property and the payment of child support.

Petitioner and Ms. Rogers were divorced pursuant to a final decree executed by the Family Court of the State of Delaware, Sussex County, on February 5, 1991. The decree did not incorporate the separation agreement, nor did it provide any details regarding such matters as property settlement, custody of the children, payment of child support, or entitlement to the dependency exemption deductions. The decree referenced only an Order of the Master which had reflected the minimal findings necessary for a divorce under Delaware law.

Petitioner and his current wife, petitioner Vickie P. Boltinghouse, filed a joint Federal income tax return for taxable year 1998. On their return, they claimed a single dependency exemption deduction and child tax credit for Brandi. They

attached to their return a copy of the signed separation

agreement between petitioner and Ms. Rogers.  In the statutory

notice of deficiency, respondent disallowed the dependency

exemption deduction and child tax credit.  The notice stated:

> The 1/90 separation agreement did contain a provision
> entitling you to claim Brandi as a dependent exemption on
> your tax return with no conditions attached.  However, we
> are unable to determine from the one page divorce decree
> that the agreement has been incorporated as part of the
> final divorce agreement/settlement.  We require verification
> that the separation agreement has been filed with the
> divorce court and entered as part of your final divorce
> agreement.

Generally, a deduction is allowed for each dependent of a

taxpayer.  Sec. 151(a), (c)(1).  Subject to exceptions and

limitations not applicable here, a child of a taxpayer is a

dependent of the taxpayer only if the taxpayer provides over half

of the child's support for the taxable year.  Sec. 152(a).  A

special rule applies to taxpayer-parents who are divorced, who

are separated, or who live apart from their spouses for at least

the last 6 months of the calendar year, but who have custody of

the child for more than half of the year.  Sec. 152(e)(1).  Under

this rule, the parent with custody of the child for the greater

portion of the year (the "custodial parent") generally is treated

as having provided over half of the child's support, regardless

of which parent actually provided the support.  Id.  One

exception to this special rule exists which entitles the

noncustodial parent to the dependency exemption deduction.  Sec.

152(e)(2).  For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the deduction, and the noncustodial parent must attach the declaration to his or her tax return.  Id.  A written declaration releasing a taxpayer's claim to a dependency exemption deduction may apply to one year, a set number of years, or all future years.  Sec. 1.152-4T(a) Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

Language in a divorce decree purportedly giving a taxpayer the right to an exemption deduction does not entitle the taxpayer to the deduction in the absence of the signed written declaration required by section 152(e)(2).  Miller v. Commissioner, 114 T.C. 184 (2000), affd. on another ground sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  To meet the requirements of section 152(e)(2), the written declaration, if not made on the official form provided by the Internal Revenue Service, "shall conform to the substance of such form."  Sec. 1.152-4T(a) Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  The form provided by the Service, Form 8332,[2] calls for the following information:  The name of the child or children; the applicable tax year or years; the custodial parent's signature and the date of signature; the custodial

---

[2]The Court takes judicial notice of Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, available from the IRS.

parent's Social Security number; the noncustodial parent's name; and the noncustodial parent's Social Security number.

Petitioners argue that attaching the copy of the signed separation agreement to their return met the requirements of section 152(e)(2).  Respondent argues that the agreement does not meet the requirements of that section because (1) as stated in the notice of deficiency, the agreement was not incorporated into the final divorce decree, and (2) the agreement does not conform to the substance of Form 8332 because it does not reflect (a) the years for which the dependency exemption deductions were to be released and (b) the Social Security numbers of petitioner and Ms. Rogers.

We agree with petitioners.  First, there is no requirement in section 152(e)(2) or the regulations thereunder that a spouse's waiver of her claim to a dependency exemption deduction be incorporated into a divorce decree to be effective.  Such a requirement would make Form 8332 itself ineffective on its own. Furthermore, a separation agreement creates binding contractual obligations under the laws of the State of Delaware.  Harry M.P. v. Nina M.P., 437 A.2d 158 (Del. 1981).  Such contractual obligations do not cease upon the entry of a divorce decree, Heinsohn v. Chandler, 2 A.2d 120 (Del. Ch. 1938), and whether or not the agreement is merged or incorporated into the decree generally does not affect the contractual obligations under the

agreement, <u>Rockwell v. Rockwell</u>, 681 A.2d 1017 (Del. 1996); <u>Solis v. Tea</u>, 468 A.2d 1276 (Del. 1983).  Respondent has not argued, and nothing in the record indicates, that the separation agreement was invalid in any respect.

Second, we find that the separation agreement conforms to the substance of Form 8332.  The agreement provided that petitioner was unconditionally entitled to the dependency exemption for Brandi, and it was signed and dated by Ms. Rogers, Brandi's custodial parent.  The language of the agreement, which referred to the separate returns of petitioner and Ms. Rogers as well as to joint returns to be filed no later than 1991, indicates that the allocation of the dependency exemption deductions was to apply to all returns filed after the divorce had been finalized.  Thus, although the agreement did not explicitly state each and every taxable year to which it was to apply, we find that it unambiguously stated that it was to apply to all future years, which is permissible pursuant to section 1.152-4T(a) Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  We note that, in the notice of deficiency, respondent did not challenge the language of the agreement but questioned only whether the agreement had been incorporated into a divorce decree:  The notice stated that the "separation agreement did contain a provision entitling you to claim Brandi as a dependent exemption on your tax return with no conditions

attached." No issue concerning the applicable tax year was raised in the notice.

The present case can be distinguished from our opinions in Cafarelli v. Commissioner, T.C. Memo. 1994-265, and Loffer v. Commissioner, T.C. Memo. 2002-298. In Cafarelli, the taxpayer, a custodial parent, had completed a Form 8332 which was attached to the noncustodial parent's 1989 return. The form was completed in such a way that it applied to "ALL FUTURE YEARS". It was signed and dated January 5, 1990, but it did not designate the first year in which the release was to be applicable. This Court found that the form was not a "written declaration" under section 152(e)(2) with respect to the year 1989. We based this finding on the ambiguity created by the form's failure to indicate that it was to apply to the year 1989, and the fact that the portion of the form designated to apply to the "Current Year" was not completed by the taxpayer. Thus, to have applied the form to 1989 would have contradicted the terms appearing on the face of the form: The form was signed in 1990 and indicated that it was to apply to "ALL FUTURE YEARS".

In Loffer, the alleged "written declaration"--a signed divorce decree--created an ambiguity as to what taxable years were applicable by limiting the entitlement to the deduction to "so long as there are two children who can be claimed." Furthermore, the decree did not state the name of the dependent

child, and it required the parties' execution of the appropriate Internal Revenue Service documentation in order to entitle the taxpayer to the dependency exemption deduction. This documentation was not executed pursuant to the decree.

No such ambiguity exists in the present case. The separation agreement states that petitioner was entitled to the dependency exemption deduction when petitioner and Ms. Rogers started filing separate returns. This requirement does not cause any ambiguity because it is clear from petitioner's return that he was filing separately from Ms. Rogers.

Finally, respondent's assertion that the lack of Social Security numbers causes the declaration to be ineffective is without merit. The Social Security number of petitioner, the noncustodial parent, appears elsewhere on the return; its presence on the written release is superfluous. This Court has held that the omission of the custodial parent's Social Security number from a completed Form 8332 does not invalidate the release effected by that form. Bramante v. Commissioner, T.C. Memo. 2002-228. Accordingly, the presence of Ms. Rogers' Social Security number is not required for the separation agreement to conform to the substance of Form 8332.

The requirements of section 152(e)(2) have been met, and petitioners therefore are entitled to the dependency exemption deduction claimed on their return for Brandi.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for petitioners</u>.
