T.C. Summary Opinion 2004-43

UNITED STATES TAX COURT

FRANCO ROBERT AND LINDA NOEL STONE, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15004-03S.            Filed April 5, 2004.

Franco Robert and Linda Noel Stone, pro sese.

<u>Robert S. Scarbrough</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time that the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for 2001, the taxable year in issue.

Respondent determined a deficiency in petitioners' Federal income tax of $1,398 for the taxable year 2001.

The issues for decision are: (1) Whether petitioners are entitled to a dependency exemption deduction for petitioner's son, Shane Owen Stone (Shane). (References to "petitioner" in the singular are to petitioner Franco Robert Stone.) We hold that they are not. (2) Whether petitioners are entitled to a child tax credit for Shane. We hold that they are not.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulation of facts and accompanying exhibits. At the time that the petition was filed, petitioners resided in Lakewood, Washington.

Before his marriage to petitioner Linda N. Stone, petitioner was married to Laurie F. Stone (Laurie). Petitioner and Laurie had two children, Shane, born June 29, 1986, and Christopher Robert Stone, born May 12, 1975.

On August 23, 1989, petitioner and Laurie were divorced pursuant to a Decree of Dissolution of Marriage (divorce decree) entered by the Pierce County Superior Court of the State of Washington (the Superior Court). In the divorce decree, petitioner and Laurie were granted joint custody of the children. The divorce decree made no provision for the payment of child support. With respect to the dependency exemption, the divorce

decree provided as follows:

> G. <u>EXEMPTIONS</u>.  Each parent shall be entitled to claim one minor child as an exemption for IRS reporting purposes until the oldest is no longer dependent and then shall alternate for the youngest until no longer dependent.  The other parent shall execute any appropriate forms for this purpose.

Sometime in 1994, Laurie became unemployed and began to receive financial assistance from the Aid For Dependent Children (AFDC) program.  On November 17, 1994, the Superior Court issued an Order of Child Support (order) directing petitioner to make child support payments to Laurie on behalf of Shane.[2]  Both petitioner and Laurie signed the order.  With respect to the dependency exemption, the order provided as follows:

> 3.16 INCOME TAX EXEMPTIONS:  The father shall be entitled to the income tax dependency exemption for Shane Stone <u>for so long as mother is unemployed</u>, at which time the issue shall be reviewed by the court. [Emphasis added.]

At trial, petitioner testified that the intent of this paragraph was that, in 1994, Laurie "was unemployed and it would be much more beneficial" to petitioner to claim the dependency exemption deduction.  This order was still in effect for the taxable year 2001.

---

[2]  Although the order did not modify custodial rights concerning Shane, petitioner testified that Laurie obtained custody of Shane because she needed to have a dependent in order to receive AFDC payments.

At trial, petitioner admitted that he was Shane's noncustodial parent during the year in issue.[3]  In 2001, Shane resided with Laurie in South Olympia where he attended high school.  At various times throughout the year, however, Shane would freely visit petitioner in Tacoma, which was approximately 25 miles north of Olympia.  When asked by the Court whether Laurie was employed or unemployed in 2001, petitioner replied: "Honestly and truthfully, I don't know."

Petitioners timely filed a joint Federal income tax return for 2001.  On their return, petitioners claimed a dependency exemption deduction and a child tax credit for Shane.  Petitioners attached a copy of the order to their return.

In the notice of deficiency, respondent disallowed petitioners' claimed dependency exemption deduction and child tax credit for Shane because:

> there is a stipulation in the Child Support Agreement. When there is a stipulation the custodial parent must sign a Form 8332 Release of Claim of Exemption for Child of Divorced or Separated Parents.

Petitioners timely filed a petition with this Court challenging the notice of deficiency.  In the petition, petitioners state:  "ENTITLEMENT TO RELIEF - The Court Order from

_____

[3]  In this opinion, we refer to the parent having physical custody for the greater part of the year as the custodial parent and to the parent who is not the custodial parent as the noncustodial parent.  See sec. 152(e).

my divorce is clear that I am entitled to the exemption for Shane."[4]

Discussion[5]

A. Dependency Exemption Deduction

In general, a taxpayer may deduct a dependency exemption for a dependent over half of whose support is provided by the taxpayer. Secs. 151(a), (c)(1), 152(a). In the case of divorced or separated parents, however, special rules determine which parent may claim a dependency exemption for a dependent. See sec. 152(e). As relevant to the present case, section 152(e)(2) allows the noncustodial parent to claim the dependency exemption for a child if the custodial parent signs a written declaration releasing his or her claim to the deduction, and the noncustodial parent attaches the declaration to his or her tax return.

The declaration required by section 152(e)(2) must be made on either Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, or on a statement conforming to

---

[4] Notwithstanding the fact that petitioner refers, interchangeably, to the divorce decree and the order, the parties have proceeded as if the order is the controlling document because it is the most recent court order concerning the dependency exemption. We find nothing under the law of the State of Washington to indicate to the contrary. Accordingly, we find that the order controls the disposition of this case.

[5] We decide this issue without regard to the burden of proof. Accordingly, we need not decide whether the general rule of sec. 7491(a)(1) is applicable in this case. See Higbee v. Commissioner, 116 T.C. 438 (2001).

the substance of that form.  Miller v. Commissioner, 114 T.C. 184, 189 (2000); sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  Form 8332 requires the following information: (1) The name of the child or children; (2) the applicable tax year or years; (3) the custodial parent's signature and the date of signature; (4) the custodial parent's Social Security number; (5) the noncustodial parent's name; and (6) the noncustodial parent's Social Security number.  "The exemption may be released for a single year, for a number of specified years (for example, alternate years), or for all future years, as specified in the declaration."  Sec. 1.152-4T, Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

In the instant case, petitioner admits that he was Shane's noncustodial parent during the taxable year 2001.  It follows, therefore, that petitioners may be entitled to the dependency exemption if they attached to their 2001 tax return a written declaration as required under section 152(e)(2).  Petitioners contend that the order, which they attached to their 2001 tax return, constitutes a written declaration under Boltinghouse v. Commissioner, T.C. Memo. 2003-134.  Accordingly, we must decide whether the order constitutes a written declaration under section 152(e)(2).

In Boltinghouse v. Commissioner, supra, the taxpayers attached to their return a copy of a separation agreement, which

was signed by both the custodial and noncustodial parents. The separation agreement <u>unconditionally</u> granted the noncustodial parent the dependency exemption. The Court held that the separation agreement met the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332.

Similar to the separation agreement in <u>Boltinghouse v. Commissioner</u>, <u>supra</u>, petitioners contend that the order is signed by the custodial parent. Simply because the custodial parent signed the order, however, does not end the analysis. The order must conform in substance to Form 8332.

Unlike the separation agreement in <u>Boltinghouse v. Commissioner</u>, <u>supra</u>, the order at issue is conditional; namely, that petitioner "is entitled to the income tax dependency exemption for Shane Stone <u>for so long as mother is unemployed</u>, at which time the issue shall be reviewed by the court." (Emphasis added.) Consequently, this language creates an ambiguity as to what tax years are applicable by limiting petitioner's entitlement to the dependency exemption upon the fulfillment of a condition; namely, that Laurie is unemployed.[6] Moreover, this conditional requirement suggests that Laurie's unemployment status may change year-to-year, such that petitioner's

---

[6] We note that petitioners presented no evidence to the Court, and had no knowledge, whether Laurie was unemployed in 2001.

entitlement to the dependency exemption is subject to change each year. As such, the order does not conform in substance to Form 8332 because it fails to state with specificity the applicable tax year or years for which petitioner is entitled to the dependency exemption.

Therefore, we find that the order does not constitute a written declaration under section 152(e)(2). Accordingly, petitioners are not entitled to a dependency exemption deduction for Shane in the taxable year 2001.[7] Respondent's determination on this issue is sustained.

B. Child Tax Credit

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child". A qualifying child is defined, inter alia, as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year". Sec. 24(c)(1)(A). For the reasons stated above, petitioners may not claim a dependency exemption deduction for Shane under section 151, and, therefore, they may not claim a child tax credit. Respondent's determination on this issue is sustained.

---

[7] At trial, petitioner testified that he and Laurie had a civil relationship, and he suggested that Laurie might be willing to execute a Form 8332. For future tax returns, if Laurie were to properly complete and execute a Form 8332 releasing her claim to the dependency exemption, and if petitioners were to attach such form to their return, then, at least for the taxable year or years subject to such form, petitioners might succeed in avoiding the issues that have arisen in the present case.

C.  Conclusion

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

To reflect the foregoing,

Decision will be

entered for respondent.