T.C. Summary Opinion 2004-154

UNITED STATES TAX COURT

CLYDE EVERTON ALLSOPP, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17561-03S.          Filed November 8, 2004.

Clyde Everton Allsopp, pro se.

<u>Marc Caine</u>, for respondent.


GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.  Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency in petitioner's Federal income tax of $1,912 for the taxable year 1998.

The issues for decision are: (1) Whether petitioner is entitled to two dependency exemptions for his two children, Everton Allsopp and Aldwyn Allsopp, for the taxable year 1998; and (2) whether petitioner is entitled to a child tax credit for the taxable year 1998.

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in Brooklyn, New York, on the date the petition was filed in this case.

On December 12, 1978, Clyde Allsopp (petitioner), who is currently an employee of the Internal Revenue Service, and Audrey Allsopp (Ms. Allsopp) were married in Brooklyn, New York. During the marriage, petitioner and Ms. Allsopp had three children, Everton Allsopp (Everton), born February 27, 1979, Aldwyn Allsopp (Aldwyn), born August 26, 1981, and Clyde Allsopp, Jr. (Clyde, Jr.), born October 27, 1991.

On April 24, 1992, a divorce proceeding was commenced in the Supreme Court of the State of New York, County of Kings. A divorce was granted on May 15, 1996. On May 23, 1997, a hearing regarding open issues was held before the Honorable Ira B. Harkavy. These open issues were either stipulated by the parties

or tried before the Honorable Ira B. Harkavy (Judge). The Judge issued a decision dated December 2, 1997, (the decision) regarding the open issues. The decision was not signed by Ms. Allsopp, only the Judge. On page 12 of the decision, under the paragraph titled "TAX BENEFITS", the Judge addressed the issue of the deductions and credits regarding the children of the marriage. The paragraph reads as follows:

> As long as Mr. Allsopp shall make his child support payments, both parties shall share the child deduction exemptions and the child care credit, unless the parties agree differently. For the even years, Ms. Allsopp shall have Clyde as her income tax exemption and child care deduction, and Mr. Allsopp shall have Everton and Aldwyn as his income tax exemption. In odd years, the parties shall switch the exemptions and child care deduction. Upon the loss of an exemption or child care deduction, the parties shall arrange, that by the switching on even and odd years that both get equal use of any tax deductions, exemptions or child care benefits.

On or about January 27, 1999, petitioner filed his Form 1040, U.S. Individual Income Tax Return, for the 1998 taxable year. There was no attachment regarding any waiver or declaration, such as a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, executed by Ms. Allsopp stating that she was releasing her claim to exemption of their children. In the 1998 return, petitioner claimed four exemptions and three dependents, two of whom, Everton and Aldwyn, were the children of the marriage with Ms. Allsopp. The third child claimed was Sheclyia S. Allsopp (Sheclyia); this dependent

is not an issue in the present case.  Petitioner claimed the child tax credit in the amount of $800, $400 of which applied to Sheclyia.  Respondent allowed the exemption and child tax credit with regard to Sheclyia.

Ms. Allsopp claimed Everton and Aldwyn as her dependents for the 1998 taxable year.  During the 1998 taxable year, petitioner did not have physical custody of Everton, Aldwyn, and Clyde, Jr.  Neither petitioner nor Ms. Allsopp executed or signed a Form 8332, or a similar declaration for the 1998 tax year.

Respondent issued a notice of deficiency to petitioner in which respondent disallowed two of petitioner's claimed exemptions for the 1998 taxable year as well as a portion of the child tax credit in the amount of $400.

## Discussion

### I.  Dependency Exemption Deduction

A dependency exemption generally is allowed under section 151(a) for each dependent of a taxpayer.  Sec. 151(a), (c)(1).  In general, a child of a taxpayer is a dependent of the taxpayer only if the taxpayer provides over half of the child's support for the taxable year.  Sec. 152(a).  A special rule applies to taxpayer-parents (a) who are divorced, who are separated, or who live apart for at least the last 6 months of the calendar year, and (b) whose child is in the custody of one or both parents for more than half of the year.  Sec. 152(e)(1).  Under this rule, if

the child receives more than half his support during the year from his parents, the parent with custody of the child for the greater portion of the year (the "custodial parent") generally is treated as having provided over half of the child's support, regardless of which parent actually provided the support.  Id. Under section 152(e)(2) an exception to this special rule exists which may entitle the noncustodial parent to the dependency exemption.  For the exception to apply, the custodial parent must sign a written declaration releasing his or her claim to the exemption, and the noncustodial parent must attach the declaration to his or her tax return.  Id.  A written declaration releasing a taxpayer's claim to a dependency exemption may apply to one year, a number of specified years, or all future years, as specified in the declaration.  Sec. 1.152-4T(a), Q&A-4, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).

To meet the requirements of section 152(e)(2), the written declaration, if not made on the official form provided by the Internal Revenue Service, "shall conform to the substance of such form."  Sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).  The form provided by the Service, Form 8332, calls for the following information:  (1) The name of the child or children for whom an exemption claim is released; the applicable tax year or years for which the claims are released; (2) the custodial parent's signature and the date

of signature; (3) the custodial parent's Social Security number; (4) the noncustodial parent's name; and (5) the noncustodial parent's Social Security number.

Petitioner argues that he attached a copy of the December 2, 1997, decision to his return and thus met the requirements of section 152(e)(2). Respondent argues that the decision was not attached to petitioner's return, and, in the alternative, even if the decision had been attached to the return, that it does not meet the requirements of section 152(e)(2) because (a) the decision is conditional, (b) the decision does not state with specificity the applicable tax year or years for which petitioner is entitled to the dependency exemption, and (c) the decision is neither signed by the custodial nor noncustodial parent and as such does not satisfy the statutory requirements of section 152(e)(2).

Upon the basis of the record, this Court finds that petitioner has not shown that he attached the decision to his 1998 Federal income tax return as required by section 152(e)(2)(B). However, even if petitioner had proven that the decision was attached to his 1998 Federal income tax return, this Court finds that the decision does not meet the requirements of section 152(e)(2).

In the instant case, petitioner admits that he was Everton and Aldwyn's noncustodial parent during the taxable year 1998.

It follows, therefore, that petitioner is entitled to the dependency exemption only if he attached to his 1998 tax return a written declaration as required under section 152(e)(2). Petitioner contends that the decision, which he "thinks" he attached to his 1998 tax return, constitutes a written declaration under section 152(e)(2).

In Boltinghouse v. Commissioner, T.C. Memo. 2003-134, the taxpayers attached to their return a copy of a separation agreement, which was signed by both the custodial and noncustodial parents. The Court held that the separation agreement met the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332.

However, the decision in the present case is not analogous to the separation agreement in Boltinghouse.

The decision in the present case was not signed by the custodial parent. Section 152(e)(2) expressly provides that the noncustodial parent may claim the dependency exemption for a child only if "the custodial parent signs a written declaration". Complying with the signature requirement of 152(e)(2) is critical to the successful release of the dependency exemption. See Neal v. Commissioner, T.C. Memo. 1999-97; Paulson v. Commissioner, T.C. Memo. 1996-560; White v. Commissioner, T.C. Memo. 1996-438.

Language in a divorce decree purportedly giving a taxpayer the right to an exemption does not entitle the taxpayer to the

exemption if the signature requirement of section 152(e)(2) is not met.  Miller v. Commissioner, 114 T.C. 184 (2000), affd. sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002). Although the decision, by and through the TAX BENEFITS provision, provides that petitioner is entitled to the dependency exemptions for Everton and Aldwyn, it is well settled that State courts, by their decisions, cannot determine issues of Federal tax law.  See Commissioner v. Tower, 327 U.S. 280 (1946); Kenfield v. United States, 783 F.2d 966 (10th Cir. 1986); Nieto v. Commissioner, T.C. Memo. 1992-296.  Unfortunately, regardless of what is stated in the State court decision, the law is clear that petitioner is entitled to the child dependency exemptions in 1998 only if he complied with the provisions of section 152(e)(2).  Petitioner has failed in this regard.  It follows, therefore, that the exception set forth in section 152(e)(2) does not apply and that the general rule of section 152(e)(1) does apply.  Accordingly, petitioner is not entitled to deductions for dependency exemptions for Everton and Aldwyn.  Sec. 152(e)(1); Miller v. Commissioner, supra.  Respondent's determination on this issue is sustained.

II. <u>Child Tax Credit</u>

In addition to the exemption under section 151(a), a child tax credit generally is allowed to a taxpayer for each qualifying child of the taxpayer. Sec. 24(a). Among other requirements, a qualifying child is an individual for whom the taxpayer is allowed a dependency exemption under section 151. Sec. 24(c)(1)(A). For the reasons stated above, petitioner may not claim a dependency exemption for Everton or Aldwyn under section 151, and, therefore, he may not claim a child tax credit with respect to either of them. Respondent's determination on this issue is sustained.

III. <u>Conclusion</u>

We have considered all of the other arguments made by the parties, and, to the extent that we have not specifically addressed them, we conclude they are without merit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for respondent</u>.