T.C. Summary Opinion 2005-110

UNITED STATES TAX COURT

BROOKS EDWARD OMANS AND TONYA RENEE OMANS RATEAU, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 4919-02S.                Filed August 1, 2005.

<u>Craig D. Bell</u> and <u>Flora Leigh T. Hezel</u>, for petitioners.

<u>Mary Ann Waters</u>, for respondent.

POWELL, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463[1] of the Internal Revenue Code
in effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.

---

[1]   Unless otherwise indicated, subsequent section references
are to the Internal Revenue Code in effect for the year in issue,
and all Rule references are to the Tax Court Rules of Practice
and Procedure.

Petitioner refers only to Brooks Edward Omans. Respondent determined a deficiency of $1,610 in petitioners' 1998 Federal income tax. The issues are whether petitioners are entitled to claim dependency exemption deductions under section 151 and child tax credits under section 24 for petitioner's two minor children from a previous marriage. At the time the petition was filed petitioner resided in Fort Eustis, Virginia, and Ms. Rateau resided in Hampton, Virginia.[2]

## Background

This case was submitted fully stipulated under Rule 122. Pursuant to a Decree of Dissolution of Marriage (divorce decree) entered by the Circuit Court of Greene County, Missouri, petitioner and Jana Lynn Johnmeyer (Ms. Johnmeyer) were divorced on February 24, 1993. Together they have two minor children. The divorce decree awarded joint legal custody of the children to petitioner and Ms. Johnmeyer, with Ms. Johnmeyer having primary physical custody (custodial parent).

Incorporated into the divorce decree is a settlement agreement and custodial plan executed by petitioner and Ms. Johnmeyer in 1992. The settlement agreement contains the names of the two children, Ms. Johnmeyer's name, her signature, and

[2]    Petitioners divorced prior to filing the petition.

petitioner's name.[3]  Ms. Johnmeyer's signature appears on these documents a total of three times, and the settlement agreement was certified by a notary public of Greene County, Missouri.  The notary's certification includes the date, the notary's commission expiration date and signature, and the following statement: "JANA LYNN OMANS, of lawful age, being first duly sworn upon her oath, states that she is the Petitioner in the above-entitled cause, and that she has executed the foregoing Agreement as her free act and deed."

The settlement agreement specifies that petitioner and Ms. Johnmeyer agreed to "file separate income tax returns for the 1992 tax year and for each year thereafter."  Petitioner and Ms. Johnmeyer further agreed that "[petitioner] shall be allowed to claim the parties' minor children as dependents within the meaning of both state and federal income tax laws so long as [he] is current on his monthly child support obligation".  Petitioner's monthly child support payments are made directly to the Circuit Clerk of Greene County as trustee for Ms. Johnmeyer.  Respondent has stipulated that petitioner was up to date on all child support payments from the time he entered into the settlement agreement up through and including the year at issue.[4]

---

[3]     At the time she signed the settlement agreement, Ms. Johnmeyer was still known as Jana Lynn Omans.

[4]     Petitioner provided respondent with documents from the
(continued...)

On their 1998 Federal income tax return, petitioners claimed dependency exemption deductions and child tax credits for petitioner's two children from his marriage to Ms. Johnmeyer and attached a copy of the divorce decree and the settlement agreement to the return.[5] Respondent notified petitioners by letter dated April 18, 2000, that their 1998 return was under examination due to the claimed dependency exemption deductions and child tax credits. Ms. Johnmeyer also claimed dependency exemption deductions for the two children when she jointly filed a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1998, with her current husband, Donald Hicks.[6]

After the examination of their 1998 return, respondent issued petitioners a 30-day letter disallowing the claimed dependency exemption deductions and child tax credits. Petitioners then timely filed a protest letter, and their case

---

[4](...continued)
Circuit Court of Greene County stating that his child support obligation was current.

[5]     Petitioner was prepared to testify that he has claimed dependency exemption deductions for his two children for every year from 1993 through 1997. The record does not state whether or not a written declaration regarding the custodial parent's waiver of the exemptions was attached to those returns. Each taxable year stands on its own and must be separately considered. Pekar v. Commissioner, 113 T.C. 158, 166 (1999). Respondent is not bound in any given year to allow the same treatment permitted in a previous year. Id.

[6]     The record is unclear as to when exactly Ms. Johnmeyer remarried.

was sent to the Internal Revenue Service's Appeals Division.

The Appeals officer concluded that petitioners were not entitled to the dependency exemption deductions.  The letter specifically pointed out that what they needed was a Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, signed by the custodial parent.

After receiving the Appeals officer's decision letter, petitioner contacted Ms. Johnmeyer and asked her to sign a Form 8332.[7]  On the advice of her attorney, Ms. Johnmeyer executed a Form 8332, and petitioner then forwarded it to the Appeals officer.

Ms. Johnmeyer, however, did not execute the Form 8332 properly.  Form 8332 is comprised of two parts.  Each part requires the names of the dependents, the year or years to which the waiver will apply, the custodial parent's signature, the Social Security number of the custodial parent, and the date of the signature.  Part I is entitled "Release of Claim to Exemption for Current Year" and Part II is entitled "Release of Claim to Exemption for Future Years".  In Part I, designated for the current year, Ms. Johnmeyer provided the names of the two children and the year "1999", but did not provide her signature,

---

[7]    The settlement agreement also includes a construction and execution clause, where petitioner and Ms. Johnmeyer agreed "to promptly execute and deliver to the other all necessary documents * * * as may be required to effect the terms and conditions of this Agreement".

her Social security number, or the date.  In Part II, designated for future years only, she provided the names of the two children, listed the years "1993, 1994, 1995, 1996, 1997, 1998", signed the form, and provided her Social security number and the date.

The Appeals officer contacted Ms. Johnmeyer and requested that she amend her 1998 return by removing the two children as dependents.  Ms. Johnmeyer then wrote the Appeals officer claiming that she had signed the Form 8332 under duress.  Ms. Johnmeyer did not amend her 1998 return, and respondent issued petitioners a statutory notice of deficiency for the 1998 taxable year.

Discussion

1.   Dependency Exemption Deduction

Sections 151 and 152 provide that a taxpayer is entitled to deduct an exemption for a dependent if the taxpayer provides over half of the support for the dependent.  Under section 152(e)(1), in the case of a minor dependent whose parents are divorced or separated and together provide over half of the support for the minor dependent, the parent having custody for a greater portion of the calendar year (custodial parent) generally shall be treated as providing over half of the support for the minor dependent.

Petitioner is not the custodial parent and thus is not

entitled to the dependency exemption deductions under section
152(e)(1).  A noncustodial parent may be entitled to dependency
exemption deductions if one of three exceptions in section 152(e)
is satisfied.  The only exception relevant to this case is
contained in section 152(e)(2).  Section 152(e)(2) provides that
a child shall be treated as having received over half of his or
her support from the noncustodial parent if:

>    (A) the custodial parent signs a written
> declaration (in such manner and form as the Secretary
> may by regulations prescribe) that such custodial
> parent will not claim such child as a dependent for any
> taxable year beginning in such calendar year, and

>    (B) the noncustodial parent attaches such written
> declaration to the noncustodial parent's return for the
> taxable year beginning during such calendar year.

Section 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49
Fed. Reg. 34459 (Aug. 31, 1984),[8] further provides:

> The written declaration may be made on a form to be
> provided by the Service for this purpose. * * *

The 1954 Code gave the dependency exemption deduction to the
parent who contributed more than one-half of the support of the
child for the year.  Difficulties were encountered in
establishing this requirement, as both parents often honestly
believe they contributed more than one-half of the support.  The

---

[8]    Temporary regulations are entitled to the same weight as
final regulations.  See Peterson Marital Trust v. Commissioner,
102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck
& Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992); see also
LeCroy Research Sys. Corp. v. Commissioner, 751 F.2d 123, 127 (2d
Cir. 1984), revg. on other grounds T.C. Memo. 1984-145.

Internal Revenue Service then found itself "in the position of an unwilling arbiter between the contending parents." S. Rept. 90-488, 90th Cong., 1st Sess. 1528 (1967).

In order to keep the Internal Revenue Service out of these disputes, section 152(e), as amended in 1966, provided as a general rule that the parent who had custody of a child for the greater portion of the year is entitled to the deduction. Act of Aug. 31, 1967, Pub. L. 90-78, 81 Stat. 191. Congress recognized that divorcing parents often take dependency exemptions into account when dividing the financial assets of a marriage, and an exception to this general rule included instances where the parent who had custody for the lesser period was granted the deduction as part of a divorce decree or separate maintenance agreement.

Accounting for custody proved as difficult as tracking support and still presented the same problem of substantiation and proof. H. Rept. 98-432 (Part 2), at 1498 (1984). Congress again amended section 152(e) to "[allow] the custodial spouse the exemption unless that spouse waives his or her right to claim the exemption" still with the intention that dependency disputes between parents would be resolved without the involvement of the Internal Revenue Service. Id. at 1499.[9]

---

[9]     In October 2004, as part of the Working Families Tax Relief Act of 2004, Pub. L. 108-311, sec. 201, 118 Stat. 1169, sec.
                                                        (continued...)

## 2. Written Declaration Requirement

Pursuant to the regulations, the Internal Revenue Service issued Form 8332 as a way to satisfy the written declaration requirement of section 152(e)(2).  Form 8332 instructs the taxpayer to provide (1) the names of the children for whom exemption claims were released, (2) the years the claims are to be released, (3) the signature of the custodial parent to confirm their consent, (4) the Social Security number of the custodial parent, (5) the date of the custodial parent's signature, and (6) the name and Social Security number of the parent claiming the exemption.  If Form 8332 is not used, a statement conforming to the substance of Form 8332 must be used.  See sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

The settlement agreement petitioner attached to his return contains the names of the two children, the custodial parent's signature as witnessed by a notary's certification, the date of her signature, and petitioner's name.  It does not contain the Social Security number of either the custodial parent or of petitioner, or literal reference to the year 1998.

---

[9](...continued)
152(e)(2) was amended to include reference to the allocation of the dependency exemption deduction to the noncustodial parent in a divorce decree.  Under this current version, the noncustodial parent will be entitled to the dependency exemption deduction where the custodial parent signs a written declaration waiving the right to claim it or the dependency exemption deduction is allocated to the noncustodial parent pursuant to a State divorce decree.

The omission of either parent's Social Security number is not a determinative factor, as it is not required by the language of section 152(e)(2). Bramante v. Commissioner, T.C. Memo. 2002-228; White v. Commissioner, T.C. Memo. 1996-438. Although the settlement agreement did not list each and every year to which petitioner's entitlement to the dependency exemption deductions was to apply, we find it clearly refers to the separate returns of petitioner and Ms. Johnmeyer "for the 1992 tax year and for each year thereafter", thus including the year at issue. See Boltinghouse v. Commissioner, T.C. Memo. 2003-134.

As the custodial parent, Ms. Johnmeyer's signature on the proffered written declaration is critical to the successful release of the dependency exemption deductions. See Neal v. Commissioner, T.C. Memo. 1999-97; Paulson v. Commissioner, T.C. Memo. 1996-560; White v. Commissioner, supra. The signature requirement demands more than a mere acknowledgment. Miller v. Commissioner, 114 T.C. 184, 193 (2000). It must confirm the custodial parent's intention to release the dependency exemption to the noncustodial parent and signify the custodial parent's agreement not to claim the dependency exemption. Id.

There is no doubt that Ms. Johnmeyer signed the settlement agreement petitioner attached to his return. Her signature appears on the settlement agreement three times. Respondent contends that her signature fails to signify her intent to not

claim the dependency exemption deductions, due to the absence of the language "will not claim" from the settlement agreement. We find that Ms. Johnmeyer's notarized signature indicates more than a mere acknowledgment of the form of the settlement agreement. The certification of her signature by a notary public imports prima facie truth of its own pertinent recitals. See Estate of Williams v. Commissioner, T.C. Memo. 1955-321. The notary certification not only affirms that Ms. Johnmeyer did in fact state "that she is the Petitioner in the above-entitled cause" when she signed the settlement agreement, but also that she "executed the foregoing Agreement as her free act and deed", thereby agreeing that petitioner would have the dependency exemption deductions when court ordered and monitored child support payments were up to date. We find that the custodial parent's certified signature on the settlement agreement signifies her sworn agreement to the settlement agreement's contents, including petitioner's entitlement to the dependency exemption deductions. See Miller v. Commissioner, supra at 193.

But, even the proper execution of a Form 8332, which includes the literal language "agree not to claim", is no guarantee that the custodial parent does not intend to claim a dependency exemption deduction when he or she has agreed that the noncustodial parent is entitled to the deduction, and thus avoid involving the Service and this Court in a dependency exemption

dispute. See <u>King v. Commissioner</u>, 121 T.C. 245, 253 (2003); <u>Bramante v. Commissioner</u>, <u>supra</u>. Although we generally do not look behind the notice of deficiency to examine the evidence used or the propriety of the Commissioner's motives or of the administrative policy or procedure involved in making the determinations, <u>Greenberg's Express, Inc. v. Commissioner</u>, 62 T.C. 324, 327 (1974), the stipulated facts indicate that not only was petitioner current on his court ordered and monitored child support obligation, but that petitioner would have had a difficult time in procuring a properly signed Form 8332 from the custodial parent.[10] Therefore, without insisting that petitioner further rely on the doubtful cooperation of the custodial parent, we find that the attached settlement agreement satisfied the written declaration requirement of section 152(e)(2).

As seen in the legislative history, underlying section 152(e)(2) is Congress's recognition of the use of dependency exemption deductions in divorce settlements. The legislative history of section 152(e) illustrates how various literal expressions have failed to implement the congressional intent of

_____

[10] Rule 91(a)(1) requires the parties to stipulate to the fullest extent all matters not privileged that are relevant to the case, regardless of whether such matters involve fact or opinion or the application of the law to fact. Stipulations are binding on the parties to the stipulation, unless the parties agree otherwise or the Court relieves a party from the binding effect "where justice requires." Rule 91(e). Justice does not require us to disregard any of the stipulations in this case.

lessening the Internal Revenue Service's involvement in these disputes.  Accordingly, respondent's insistence on the presence of Form 8332 or the language "agree not to claim" or "will not claim" in this case was overly formalistic and ultimately undermined the intent of section 152(e)(2).  We find that petitioners are entitled to the dependency exemption deductions for 1998.

3.    <u>Child Tax Credit</u>

Section 24(a) provides that a taxpayer may claim a credit for "each qualifying child".  A qualifying child is defined as any individual if "the taxpayer is allowed a deduction under section 151 with respect to such individual for the taxable year".  Sec. 24(c)(1)(A).  Petitioners are entitled to claim dependency exemption deductions under section 151; they are therefore also entitled to the child tax credits.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>for petitioners.</u>