T.C. Summary Opinion 2008-54


UNITED STATES TAX COURT


WILLIAM N. WARD, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 10606-07S.                    Filed May 19, 2008.


Roxanne Grossman and Bradley Ridlehoover (specially

recognized), for petitioner.

Aaron D. Gregory, for respondent.


ARMEN, Special Trial Judge:  This case was heard pursuant to

the provisions of section 7463 of the Internal Revenue Code in

effect when the petition was filed.[1]  Pursuant to section

7463(b), the decision to be entered is not reviewable by any

_____

        [1]  Unless otherwise indicated, all subsequent section
references are to the Internal Revenue Code in effect for 2004,
the taxable year at issue.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's Federal income tax for 2004 of $2,426. The issues for decision are whether petitioner is entitled to claim dependency exemption deductions for two minor children for 2004 and whether petitioner is also entitled to claim child tax credits with respect to those children for the year in issue. For the reasons discussed below, we sustain respondent's determination.

Background

Some of the facts have been stipulated, and they are so found. We incorporate by reference the parties' stipulations of facts and the accompanying exhibits.

At the time the petition was filed, William N. Ward (petitioner) resided in Virginia.

Petitioner claimed dependency exemption deductions on his 2004 Federal income tax return for two of his children, K.W. and W.W.[2] Petitioner also claimed child tax credits with respect to K.W. and W.W.

Petitioner and the children's mother separated in October 2002 and were divorced in December 2004. Pursuant to the

---

[2] It is the Court's policy to use initials when referring to minors.

separation agreement,[3] joint legal custody of the children was awarded to petitioner and his ex-wife, although his ex-wife had primary physical custody.  The separation agreement also specifically provided that petitioner is entitled to claim K.W. and W.W. as dependents on his tax returns "so long as [petitioner] is current in the payment of his child support obligations".  Petitioner's ex-wife signed the separation agreement.

Petitioner attached a copy of the separation agreement to his 2004 Federal income tax return.  Previously, and at least for the taxable year 2002, petitioner's ex-wife had signed an IRS Form 8332, Release of Claim to Exemption for Child of Divorced or Separated Parents, allowing petitioner to claim dependency exemption deductions for the two children pursuant to the terms of their divorce.  She did not sign a Form 8332 for 2004, despite the fact that petitioner was current with his child support obligations for that year.  In fact, petitioner's ex-wife claimed the dependency exemption deductions herself in violation of the separation agreement.[4]

On February 12, 2007, petitioner instituted legal proceedings in the Virginia Juvenile and Domestic Relations

---

[3]  The separation agreement was later incorporated into the final decree of divorce.

[4]  Petitioner's ex-wife was later ordered by a Virginia court to amend her tax returns.

District Court of Greene County to enforce the terms of the separation agreement. As a result, petitioner's ex-wife paid him $2,426, an amount equal to the tax effect attributable to the dependency exemption deductions and child tax credits at issue in this case.

On February 13, 2007, respondent issued petitioner the notice of deficiency from which this case arises.

## Discussion[5]

Section 151 allows deductions for personal exemptions, including exemptions for dependents of the taxpayer. See sec. 151(c). Section 152(a) defines the term "dependent", in pertinent part, to include a son or daughter of the taxpayer over half of whose support for the calendar year was received from the taxpayer. Where the parents of a dependent child are divorced or legally separated, section 152(e)(1) generally confers the dependency exemption deduction on the parent with legal custody of the child (the custodial parent).

As an exception to the general rule, a noncustodial parent may claim the exemption where the custodial parent executes a valid written declaration releasing his or her claim to the exemption and the noncustodial parent attaches that declaration to his or her Federal income tax return. Sec. 152(e)(2); sec.

---

[5] The issue for decision is essentially legal in nature; accordingly, we decide it without regard to the burden of proof.

1.152-4T(a), Q&A-3, Temporary Income Tax Regs., 49 Fed. Reg. 34459 (Aug. 31, 1984).[6]

The IRS issued Form 8332 to conventionalize the written declaration requirement of section 152.  See, e.g., Chamberlain v. Commissioner, T.C. Memo. 2007-178.  Form 8332 requires a taxpayer to agree not to claim a dependency exemption deduction and to furnish:  (1) The name of the child for whom exemption claims are released; (2) the years for which the claims are released; (3) the signature of the custodial parent; (4) the Social Security number of the custodial parent; (5) the date of the custodial parent's signature; and (6) the name and the Social Security number of the parent claiming the exemption.  See Miller v. Commissioner, 114 T.C. 184, 190 (2000), affd. on other grounds sub nom. Lovejoy v. Commissioner, 293 F.3d 1208 (10th Cir. 2002).  Although taxpayers are not required to use Form 8332, any other written declaration executed by the custodial parent must conform to its substance.  See id. at 188-189; Chamberlain v. Commissioner, supra; Neal v. Commissioner, T.C. Memo. 1999-97; sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.  "In order for a document to qualify as a statement conforming to the substance of Form 8332, it must contain substantially the same

---

[6]  Temporary regulations are entitled to the same weight as final regulations.  See Peterson Marital Trust v. Commissioner, 102 T.C. 790, 797 (1994), affd. 78 F.3d 795 (2d Cir. 1996); Truck & Equip. Corp. v. Commissioner, 98 T.C. 141, 149 (1992).

information required by Form 8332.  In particular, the document must satisfy the signature requirement of section 152(e)(2)." Miller v. Commissioner, supra at 191.  Section 152(e) is clear; it allows the dependency exemption to be claimed by a noncustodial parent only when that parent attaches a valid Form 8332 or its equivalent to a Federal income tax return for the taxable year in which he or she claims the exemption.  See Paulson v. Commissioner, T.C. Memo. 1996-560; Peck v. Commissioner, T.C. Memo. 1996-33; see also Brissett v. Commissioner, T.C. Memo. 2003-310.

Congress added the written declaration requirement to section 152(e) in 1984 to provide more certainty to the "often subjective and * * * difficult problems of proof and substantiation" that accompanied dependency exemption deduction disputes under the prior statutory scheme.  H. Rept. 98-432 (Part 2), at 1498 (1984).  Congress sought clarity as to which of two divorced parents would be allowed the dependency exemption deduction for a taxable year and accomplished it by conditioning the noncustodial parent's claim upon the written verification of the custodial parent's release of the claim.  To preserve Congress's goal, we must insist on strict adherence to the requirements of section 152.  Miller v. Commissioner, supra at 196; Bramante v. Commissioner, T.C. Memo. 2002-228.

The parties agree that petitioner did not attach a signed Form 8332 to his Federal income tax return for 2004, but that he did attach a copy of the separation agreement signed by his ex-wife. Although a separation or divorce agreement stating that the dependency exemption deduction belongs to the noncustodial parent and containing the custodial parent's signature may serve as an equivalent to Form 8332 in certain circumstances, the agreement here does not meet the requirements of section 152(e)(2). In particular, petitioner's ex-wife makes no agreement not to claim the dependency exemption deduction herself. The conditionality of petitioner's entitlement to the dependency exemption deduction keeps petitioner's ex-wife's signature from constituting a complete waiver of her right to claim the deduction as the custodial parent. Miller v. Commissioner, supra; see sec. 1.152-4T(a), Q&A-3, Temporary Income Tax Regs., supra.

In Boltinghouse v. Commissioner, T.C. Memo. 2003-134, the taxpayers attached to their return a copy of a divorce agreement, which was signed by both the custodial parent and the noncustodial parent. The divorce agreement in that case unconditionally granted the noncustodial parent the dependency exemption deduction, and the Court held that the agreement met all of the requirements of a written declaration under section 152(e)(2) because it conformed in substance to Form 8332. Unlike

the divorce agreement in <u>Boltinghouse</u>, the separation agreement in this case is conditional; that is, petitioner is entitled to claim the exemptions for K.W. and W.W. only if he is current in his child support obligations.  This condition suggests that petitioner's compliance with his support obligations may change from year to year, such that petitioner's entitlement to the dependency exemption deduction for the two children is potentially subject to change each year.  Although petitioner did meet the condition in 2004, the Internal Revenue Service cannot be expected to police divorce decrees and separation agreements.  Because of its conditional nature, the relevant part of the separation agreement does not constitute an equivalent to Form 8332 and thus does not comport with the requirements of section 152(e)(2).  See also <u>Brissett v. Commissioner</u>, <u>supra</u> (compliance with terms of separation agreement not sufficient to authorize dependency exemption deduction without attaching valid Form 8332 or equivalent).

As for the child tax credits petitioner claimed for K.W. and W.W., section 24(a) authorizes a child tax credit with respect to each qualifying child of the taxpayer.  The term "qualifying child" is defined in section 24(c).  A "qualifying child" means an individual with respect to whom the taxpayer is allowed a deduction under section 151, who has not attained the age of 17 as of the close of the taxable year, and who bears a relationship

to the taxpayer as prescribed by section 32(c)(3)(B). Sec. 24(c)(1). Because petitioner is not allowed a deduction with respect to either child under sections 151 and 152, it follows that for the year in issue, neither child is a qualifying child and petitioner is not entitled to claim a child tax credit for either child in 2004.

We note that petitioner has been made whole by his ex-wife's $2,426 payment to him as a result of his action in the Virginia court. We note further that petitioner has an adequate--and more effective--remedy in the Virginia courts should his ex-wife again be noncompliant with the terms of their separation agreement.

Finally, although we appreciate petitioner's concern that this issue could arise in future years should his ex-wife not be in compliance with the terms of their agreement, it is well established that each tax year stands on its own. See <u>Rose v. Commissioner</u>, 55 T.C. 28, 32 (1970).

To reflect our disposition of the disputed issues,

<u>Decision will be entered</u>

<u>for respondent</u>.